# United States Court of Appeals for the Federal Circuit

---

**KEVIN DIAZ,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2016-2501

---

Appeal from the United States Court of Federal Claims in No. 1:16-cv-00138-MBH, Judge Marian Blank Horn.

---

Decided: April 11, 2017

---

KEVIN DIAZ, Boston, MA, pro se.

ALISON VICKS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BENJAMIN C. MIZER, ROBERT E. KIRSCHMAN, JR., DOUGLAS K. MICKLE.

---

Before WALLACH, CHEN, and STOLL, *Circuit Judges.*

WALLACH, *Circuit Judge*.

Appellant Kevin Diaz submitted an unsolicited proposal to the U.S. Department of the Navy's ("Navy") Indian Head Explosive Ordnance Disposal Technology Division ("IHEODTD") pursuant to 48 C.F.R. (Federal Acquisition Regulation ("FAR")) Subpart 15.6 (2015). A contracting officer from the IHEODTD conducted an initial review of Mr. Diaz's proposal and determined that it did not satisfy the requirements of FAR 15.606-1, a decision that the Contracting Officer affirmed when Mr. Diaz requested reconsideration.

Mr. Diaz filed a complaint in the U.S. Court of Federal Claims challenging the Contracting Officer's rejection of his unsolicited proposal. Appellee the United States ("the Government") moved to dismiss. The Court of Federal Claims granted the Government's motion and dismissed Mr. Diaz's Complaint for, *inter alia*, lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC") because he lacked standing under 28 U.S.C. § 1491(b)(1) (2012). *See Diaz v. United States*, 127 Fed. Cl. 664, 677 (2016).

Mr. Diaz appeals. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3). We affirm.

## DISCUSSION

### I. Standard of Review and Legal Standards

We review a Court of Federal Claims decision to dismiss for lack of jurisdiction *de novo*. *Res. Conservation Grp., LLC v. United States*, 597 F.3d 1238, 1242 (Fed. Cir. 2010). The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013).

The Court of Federal Claims's jurisdiction over bid protest disputes is articulated in § 1491(b)(1). It provides

that the Court of Federal Claims has jurisdiction to adjudicate an "action by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement." *Id.* Section 1491(b)(1) includes three related requirements that are pertinent to the jurisdictional inquiry in this case, with the first addressing the Court of Federal Claims's subject matter jurisdiction and the second and third addressing standing.

First, subject matter jurisdiction under § 1491(b)(1) may be established for a "violation of a statute or regulation in connection with a procurement or a proposed procurement." *RAMCOR Servs. Grp., Inc. v. United States*, 185 F.3d 1286, 1289 (Fed. Cir. 1999). The phrase "in connection with" is "very sweeping in scope" and "includes all stages of the process of acquiring property or services, beginning with the process for determining a need for property or services and ending with contract completion and closeout." *Distributed Sols., Inc. v. United States*, 539 F.3d 1340, 1345 (Fed. Cir. 2008) (internal quotation marks, emphasis, and citations omitted). Under the circumstances here, Mr. Diaz's allegation that the Contracting Officer improperly rejected his unsolicited proposal pursuant to FAR 15.606-1 constitutes a non-frivolous allegation of a violation of a regulation in connection with a proposed procurement and, thus, is sufficient to meet the "in connection with" requirement of the statute. *See id.* at 1345 n.1 ("A non-frivolous allegation of a statutory or regulatory violation in connection with a procurement or proposed procurement is sufficient to establish jurisdiction."). Mr. Diaz's proposal qualifies as a "proposed procurement" that was reviewed by the Government, as indicated in the record by Mr. Diaz's receipt of a significant number of emails from government personnel regarding the status of his proposal, *see* Resp't's

App. at 88–154, and the Contracting Officer's "careful and specific" review of, and response to, the proposal, *Diaz*, 127 Fed. Cl. at 675.

The second and third of the three requirements of § 1491(b)(1) that are pertinent to the jurisdictional inquiry relate to a party's standing to file a bid protest. *See, e.g.*, *Myers Investigative & Sec. Servs., Inc. v. United States*, 275 F.3d 1366, 1369 (Fed. Cir. 2002). A party seeking to establish jurisdiction under § 1491(b)(1) must show that it meets § 1491(b)(1)'s standing requirements, which are "more stringent" than the standing requirements imposed by Article III of the Constitution. *Weeks Marine, Inc. v. United States*, 575 F.3d 1352, 1359 (Fed. Cir. 2009). To meet these more stringent requirements, a plaintiff must make two separate showings. The party first must show that it is an "interested party." *Digitalis Educ. Sols., Inc. v. United States*, 664 F.3d 1380, 1384 (Fed. Cir. 2012). To satisfy the interested party requirement, "a party must show that it [(1)] is . . . an actual or prospective bidder and [(2)] . . . has a direct economic interest" in the procurement or proposed procurement. *Id.* "To prove a direct economic interest, a party must show that it had a substantial chance of winning the contract." *Id.* (internal quotation marks and citation omitted).[1]

---

[1] "A protest will, by its nature, dictate the necessary factors for a direct economic interest." *Sys. Application & Techs., Inc. v. United States*, 691 F.3d 1374, 1382 (Fed. Cir. 2012) (internal quotation marks omitted). For example, "[i]n pre-award protests, . . . the plaintiff must show a non-trivial competitive injury which can be addressed by judicial review," whereas "[i]n post-award protests, the plaintiff must show it had a substantial chance of receiving the contract." *Id.* (internal quotation marks and citations omitted). We have not established a

The second standing requirement requires a party "show that it was prejudiced by a significant error in the procurement process." *Labatt Food Serv., Inc. v. United States*, 577 F.3d 1375, 1378 (Fed. Cir. 2009) (citation omitted); *see id.* at 1380 (explaining that courts should not "conflat[e] the standing requirements of prejudicial error and [direct] economic interest," such that "there would be no such thing as an error non-prejudicial to an economically interested offeror," and "reiterat[ing] the established law . . . that non-prejudicial errors in a bid process do not automatically invalidate a procurement" (citations omitted)). To satisfy the prejudice requirement, the party must show that "*but for the [Government's] error*," the party "would have had a substantial chance of securing the contract." *Id.* at 1378 (emphasis added) (citations omitted). Prejudice is a factual question that we review for clear error. *Tinton Falls Lodging Realty, LLC v. United States*, 800 F.3d 1353, 1357–58 (Fed. Cir. 2015).

---

standard for evaluating whether a party has a direct economic interest in an unsolicited proposal submitted pursuant to FAR Subpart 15.6. However, the Court of Federal Claims applied the "substantial chance" standard when evaluating whether Mr. Diaz has a "direct economic interest," *Diaz*, 127 Fed. Cl. at 675, and neither party contests the use of this standard, *see generally* Appellant's Br.; Appellee's Br. We find that standard reasonable for the purposes of this appeal and, accordingly, we evaluate whether Mr. Diaz has a "direct economic interest" by considering whether he has "show[n] that [he] had a substantial chance of winning the contract." *Digitalis*, 664 F.3d at 1384 (internal quotation marks and citation omitted).

## II. Mr. Diaz Does Not Have Standing to Allege his Bid Protest Claim

The standing inquiry requires us to consider interested party status and prejudice, but the instant appeal hinges on the second element of the interested party requirement of the standing inquiry.[2]  It presents the novel issue of whether Mr. Diaz possessed a direct economic interest because he had a "substantial chance of winning a contract" that the Government never solicited. If he does not possess the requisite direct economic interest, Mr. Diaz would not be an interested party and would not have standing to sue.  We hold that he did not possess the requisite interest and, thus, that Mr. Diaz has not satisfied his "burden of establishing the elements of standing."  *Myers*, 275 F.3d at 1369 (internal quotation marks, brackets, and citations omitted).

Mr. Diaz cannot demonstrate that he "had a substantial chance of winning the contract" because, at the very least, his proposal did not conform to the requirements of FAR Subpart 15.6, which governs unsolicited proposals. Pursuant to FAR Subpart 15.6, consideration of unsolicited proposals involves three stages:   (1) initial review; (2) comprehensive evaluation;  and  (3) negotiations.  *See* FAR 15.606-1(a), 15.606-2, 15.607(b).

---

[2]    With respect to the first element of the interested party requirement, it is undisputed that Mr. Diaz properly submitted an offer to the IHEODTD.  *See* Appellant's Br. 6; Appellee's Br. 5–6; *see also* Appellee's App. 55–80. Therefore, Mr. Diaz is an actual bidder pursuant to the first element of the interested party requirement.  *Cf. Distributed Sols.*, 539 F.3d at 1345 (Fed. Cir. 2008) (holding that the plaintiffs were prospective bidders because "they submitted qualifying proposals" and stated in their complaint that they "were prepared to submit bids").

During the initial review, "the agency contact point shall determine if the proposal," *inter alia*, "[i]s a valid unsolicited proposal." FAR 15.606-1(a)(1). To be "valid," an unsolicited proposal must

(1) [b]e innovative and unique;

(2) [b]e independently originated and developed by the offeror;

(3) [b]e prepared without Government supervision, endorsement, direction, or direct Government involvement;

(4) [i]nclude sufficient detail to permit a determination that Government support could be worthwhile and the proposed work could benefit the agency's research and development or other mission responsibilities;

(5) [n]ot be an advance proposal for a known agency requirement that can be acquired by competitive methods; *and*

(6) [n]ot address a previously published agency requirement.

FAR 15.603(c) (emphasis added). In this case, the Contracting Officer determined that Mr. Diaz's proposal did not meet the first and fourth requirements and that she could not determine whether Mr. Diaz had met the remaining requirements, such that it was not a valid proposal. Appellee's App. 82–84. Therefore, the Contracting Officer rejected Mr. Diaz's unsolicited proposal at the initial review stage. *Id.*

In the Complaint, Mr. Diaz argues that he satisfied the third, fifth, and sixth requirements of FAR 15.603(c), *id.* at 44; however, Mr. Diaz has not presented any arguments or evidence as to the first, second, or fourth factors in the Complaint, *see id.* at 15–53, or in his briefs before this court, *see generally* Appellant's Br.; Appellant's

Reply. Because an offeror submitting an unsolicited proposal must satisfy all six requirements in FAR 15.603(c) for a proposal to be valid under FAR 15.606-1(a)(1), *see* FAR 15.603(c) (using the conjunctive "and"), Mr. Diaz has failed to demonstrate that the Contracting Officer incorrectly determined that his proposal was not "valid" and, thus, Mr. Diaz has failed to satisfy his burden of demonstrating that he "had a substantial chance of winning the contract," *Digitalis*, 664 F.3d at 1384 (internal quotation marks and citation omitted).[3]

CONCLUSION

We have considered Mr. Diaz's remaining arguments and find them unpersuasive. Accordingly, the final decision of the U.S. Court of Federal Claims is

**AFFIRMED**

---

[3] Because Mr. Diaz has not shown that he meets the interested party requirement of the standing inquiry, we need not address whether he has demonstrated the requisite prejudice to satisfy the second requirement of that inquiry.