NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**LUIS PINTO,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

_____

2022-2093

_____

Appeal from the United States Court of Federal Claims in No. 1:19-cv-01791-EHM, Judge Edward H. Meyers.

_____

Decided:  February 21, 2023

_____

LUIS PINTO, Williamston, NC, pro se.

JOSEPH ALAN PIXLEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, STEVEN JOHN GILLINGHAM, PATRICIA M. MCCARTHY.

_____

Before MOORE, *Chief Judge*, HUGHES and STOLL, *Circuit Judges*.

PER CURIAM.

Luis Pinto appeals a decision from the Court of Federal Claims granting the government's partial motion to dismiss and cross-motion for judgment on the administrative record and denying Mr. Pinto's motion for judgment on the administrative record. The trial court found that Mr. Pinto's challenge to the Army's decision not to promote him was nonjusticiable and that there were no procedural errors that justified overturning the Army's decision. We agree and therefore affirm.

I

Mr. Pinto was commissioned as a Second Lieutenant in the United States Army in May 2012 when he began a seven-year active-duty service obligation. In September 2013, Mr. Pinto was subject to an investigation for "fraternization and for having an improper relationship with a junior, female enlisted soldier in his unit." Defendant-Appellee's Appendix (D.A.) 1–2. The investigation resulted in a "flag" in his personnel file, and while this flag was in place, Mr. Pinto was ineligible for a promotion to First Lieutenant.

The investigation substantiated the alleged misconduct, and, due to this misconduct, Mr. Pinto's superiors gave him an unfavorable Officer Evaluation Report that noted his "lack of judgment" and "strongly recommended" against his promotion. D.A. 2. The Army also issued a General Officer Letter of Reprimand regarding his misconduct. Mr. Pinto was required to show cause for his retention in the military before a Board of Inquiry. The Board of Inquiry concluded that the allegations against Mr. Pinto were supported by a preponderance of the evidence but recommended that, instead of discharging Mr. Pinto, the Army retain and

transfer him to another unit. Thereafter, the Army removed the flag from Mr. Pinto's personnel file. Once the flag was removed, Mr. Pinto became eligible for promotion to First Lieutenant again. However, in April 2014 and again in November 2014, Mr. Pinto's commanders recommended that he not be promoted to First Lieutenant. Mr. Pinto appealed this second denial of promotion to the promotion review authority, Major General Jeffrey Smith. Major General Smith issued a memorandum stating that "[Second Lieutenant] Pinto's further service is not in the best interests of good order and discipline in this command." D.A. 42. Mr. Pinto was then involuntarily separated from the Army for non-promotion, pursuant to Army Regulation (AR) 600–8–24 ¶ 5–11.

Mr. Pinto appealed his involuntary separation to the Army Board for Correction of Military Records (Board), seeking reinstatement and a retroactive promotion as well as the correction of his records to reflect that he was wrongfully denied a promotion and wrongfully separated. The Board denied Mr. Pinto's request and found that there was insufficient evidence to remove the letter of reprimand and evaluation report from his record and that his other requests for relief were without merit. Mr. Pinto appealed that decision to the Court of Federal Claims, which remanded the case to the Board to issue a new decision that "fully addresses Mr. Pinto's promotion and more fully develops the record." D.A. 2. The Board subsequently issued a new decision that reiterated its previous findings. Mr. Pinto appealed the second decision to the trial court, asking for placement in an appropriate duty status, a retroactive promotion to First Lieutenant, back pay for the rank of First Lieutenant, and a correction of all his military records. In addition to asking the trial court to review the Army's decision not to promote him, Mr. Pinto identified the following procedural deficiencies that justified his request for relief: (1) the Army did not issue the recommendation not to promote him to First Lieutenant

until after his promotion eligibility date had passed, meaning he was automatically promoted to First Lieutenant; and (2) the Army improperly discharged him under AR 600–8–24 ¶ 5–11 instead of ¶ 4–2.*a.*(2).[1]

The trial court determined that it did not have jurisdiction to review the merits of the Army's decision not to promote him because "absent a statute or regulation entitling a service member to a promotion as a matter of law, the [trial court] has no authority to entertain" claims relating to promotion decisions in the military. D.A. 5. Next, the trial court found that the slight delay in the Army's decision not to promote Mr. Pinto did not result in Mr. Pinto automatically being promoted to First Lieutenant because AR 600–8–29, which addresses officer promotions, makes it clear that promotions to First Lieutenant are not automatic. The trial court also found that there was no error in the Army separating Mr. Pinto under 600–8–24 ¶ 5–11 because that paragraph addresses separation due to non-selection for promotion and the other paragraphs in AR 600–8–24 did not shield Mr. Pinto from separation.

Mr. Pinto now appeals to this court. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## II

We review a decision of the Court of Federal Claims to dismiss for lack of subject matter jurisdiction de novo. *Diaz v. United States*, 853 F.3d 1355, 1357 (Fed. Cir. 2017). We review the trial court's jurisdictional findings of fact for clear error. *Banks v. United States*, 314 F.3d 1304, 1307–08 (Fed. Cir. 2003). We review a decision of the Court of Federal Claims granting or denying a motion on the administrative record de novo and "reapply the statutory

---

[1]    Mr. Pinto alleged additional procedural deficiencies to the trial court but does not raise those on appeal.

review standards." *Chambers v. United States*, 417 F.3d 1218, 1227 (Fed. Cir. 2005). We "will not disturb the decision of [a military] corrections board unless it is arbitrary, capricious, contrary to law, or unsupported by substantial evidence." *Id.*

## III

We first address the trial court's determination that it did not have jurisdiction to review the merits of the Army's decision not to promote Mr. Pinto, and then address the trial court's decisions regarding the remaining procedural issues.

## A

We have long held that courts cannot review military decisions not to promote service members. For example, in *Fluellen v. United States*, where we considered the propriety of the Air Force's decision not to promote an officer, we stated that

> [a] claim of error in a promotion decision presents a nonjusticiable controversy because there are no statutory or regulatory standards against which a court can review such a decision; it relates to a matter left to the discretion of the military.

225 F.3d 1298, 1304 (Fed. Cir. 2000). We further explained that "courts lack the expertise needed to review reserve officer's records and make military retention decisions. To reverse the [Board's] decision would be to second-guess the board's determination on no more than speculation." *Id.* (quotation marks omitted) (citing *Murphy v. United States*, 993 F.2d 871, 873 (Fed. Cir. 1993) and *Sargisson v. United States*, 913 F.2d 918, 922 (Fed. Cir. 1990)).

This case is no different. This court lacks both the authority and the expertise to question the Army's decision not to promote Mr. Pinto. This is especially the case here, when both parties agree that "none of the material facts

appear to be in dispute." Appellant's Br. at 15. Although Mr. Pinto argues that the Army erred in considering his misconduct when deciding not to promote him, Mr. Pinto has not cited to any statute or authority that would allow this court or the trial court to review the merits of the Army's decision to not promote Mr. Pinto to First Lieutenant. Accordingly, we affirm the trial court's grant of the government's partial motion to dismiss for lack of subject matter jurisdiction.

B

Mr. Pinto also appeals the trial court's decision on two procedural issues that he claims entitle him to his requested relief. First, Mr. Pinto argues that he was automatically promoted to First Lieutenant because the Army did not provide a recommendation of non-promotion before his eligibility date, and this justifies awarding him back pay and a retroactive promotion. Second, Mr. Pinto argues that the Army erred in involuntarily separating him under AR 600–8–24 ¶ 5–11, which justifies reinstating him.

1

Under 10 U.S.C. § 624(a)(2), officers are promoted to First Lieutenant "in accordance with regulations prescribed by the Secretary concerned." AR 600–8–29 governs the promotion of officers in the Army. Promotion eligibility to First Lieutenant is based in part on the officer's eligibility date, which occurs after approximately eighteen months of active-duty service as a Second Lieutenant. AR 600–8–29 ¶ 3–1.*a*.(1). Commanders in the grade of Lieutenant Colonel or above "are authorized to promote officers to the grade[] of [First Lieutenant]." *Id.* at ¶¶ 1–7, 1–16.*b*.(1).

Although promotion from Second Lieutenant to First Lieutenant is fairly routine, it is not automatic. The regulations set forth specific procedures both for the

promotion of officers from Second Lieutenant to First Lieutenant and for failure to be selected for promotion. The regulations state that "[Second Lieutenants] found not qualified for promotion by the promotion approval authority . . . will be retained for six months," and "[Second Lieutenants] who have not been promoted at the end of the six month retention period will be processed for separation under the provisions of AR 600–8–24, paragraph 4–2a(2)." AR 600–8–29 at ¶¶ 1–13.*b*.(1) and (3). The promotion approval authority may waive these requirements and "direct immediate processing for separation under the provisions of AR 600–8–24" if it "determines that the officer's retention is inconsistent with good order and discipline." *Id.* at ¶ 1–13.*b*.(1). Decisions not to promote officers to First Lieutenant are communicated using DA Form 78 and should be provided by the officer's eligibility date. *Id.* at ¶ 3–5.*b*.

Mr. Pinto argues that the removal of the flag from his record resulted in him being automatically promoted to First Lieutenant and that, in the alternative, he was automatically promoted to First Lieutenant because the promotion review authority did not present him with DA Form 78 before his eligibility date. Appellant's Br. at 15. We agree with the trial court that the promotion from Second Lieutenant to First Lieutenant is not automatic. As the trial court explained, "[i]f the promotion to First Lieutenant is automatic, it would be nonsensical for the regulations to grant senior officers the authority to approve or deny such a promotion." D.A. 7. Furthermore, the trial court correctly found that removing the flag from Mr. Pinto's record merely made him *eligible* for a promotion, because there is no statutory or regulatory authority that automatically grants a promotion once a flag is removed. *See* AR 600–8–2 ¶ 3–1.*d*. We also agree with the trial court that giving Mr. Pinto his DA Form 78 after his eligibility date did not automatically promote him to First Lieutenant once that date had passed. Although Mr. Pinto is correct

that the AR 600–8–29 ¶ 3–5.*b*. requires giving an officer DA Form 78 by the officer's promotion eligibility date, neither this paragraph nor any other allows for automatic promotion if the deadline is missed. Mr. Pinto has not cited to any authority that allows for automatic promotions in the face of a missed statutory or regulatory deadline. As the trial court explained, this delay "was harmless and does not result in an automatic promotion." D.A. 8. Thus, Mr. Pinto is not entitled to an automatic promotion to First Lieutenant or any of the relief related to promotion to First Lieutenant, including back pay. We affirm the trial court's determination that the Board did not procedurally err in failing to promote Mr. Pinto to First Lieutenant.

2

After Mr. Pinto was denied a promotion to First Lieutenant a second time, he was separated in accordance with AR 600–8–24 ¶ 5–11. Paragraph 5–11.*a*. states that "[a]n [active duty list] officer not recommended for promotion to the grade of [First Lieutenant] will be separated not later than 90 calendar days after the Promotion Review Authority approves the nonrecommendation for promotion." AR 600–8–24 ¶ 5–11.

Mr. Pinto argues that the Army erred by separating him under ¶ 5–11 because according to the language of AR 600–8–29 ¶ 1–13.*b*.(3), he should have been processed for separation under AR 600–8–24 ¶ 4–2.*a*.(2). Appellant's Br. at 15. Paragraph 4–2.*a*.(2) is directed to officer elimination (rather than separation) for "[f]ailure to keep pace or to progress with contemporaries, as demonstrated by a low record of efficiency when compared with other officers of the same grade and competitive category." AR 600–8–24 ¶ 4–2.*a*.(2). Mr. Pinto next argues that his separation would violate AR 600–8–24 ¶ 4–4.*b*., which states that "no officer will be considered for elimination for the reasons stated in paragraph 4–2 because of conduct that has been the subject of administrative elimination proceedings that

resulted in final determination that the officer should be retained in the Service." Mr. Pinto argues that the Board of Inquiry's conclusion that he should be retained in the Army constitutes an "administrative elimination proceeding" as specified in ¶ 4–4.*b*. Thus, according to Mr. Pinto, the Army violated AR 600–8–29 ¶ 1.13.*b*.(3), AR 600–8–24 ¶ 4–2.*a*.(2), and AR 600–8–24 ¶ 4–4.*b*. by separating him due, in part, to the alleged misconduct.

Mr. Pinto is correct that, ordinarily, non-promotion under AR 600–8–29 ¶ 1.13.*b*.(3) would trigger the elimination processes detailed in AR 600–8–24 ¶ 4–2.*a*.(2) and AR 600–8–24 ¶ 4–4.*b*. However, in Mr. Pinto's case, the Army properly waived the requirements of AR 600–8–29 ¶ 1.13.*b*. and exercised its discretion to "direct immediate processing for separation under the provisions of AR 600–8–24." As discussed above, this waiver is appropriate if the promotion review authority "determines that the officer's retention is inconsistent with good order and discipline," and this is exactly what happened to Mr. Pinto. AR 600–8–29 ¶ 1–13.*b*.(1); D.A. 42. Major General Smith reviewed Mr. Pinto's second DA Form 78 and the supporting documents and determined that Mr. Pinto's "further service is not in the best interests of good order and discipline in this command." D.A. 42. Because the Army properly exercised its discretion to waive the requirements of AR 600–8–29 ¶ 1.13.*b*., it was not required to follow the elimination procedures in AR 600–8–24 ¶ 4–2.*a*.(2) and AR 600–8–24 ¶ 4–4.*b*. Instead, the Army was well within its discretion to separate Mr. Pinto under any provision of AR 600–8–24, including AR 600–8–24 ¶ 5–11. Separation under AR 600–8–24 ¶ 5–11 was appropriate because this provision is specifically directed to the separation of officers for failure to be promoted to First Lieutenant. Therefore, we agree with the trial court that the Army did not procedurally err in separating Mr. Pinto under AR 600–8–24 ¶ 5–11 instead of AR 600–8–24 ¶ 4–2.*a*.(2). Accordingly, we affirm the trial court's

decisions to grant the government's motion for judgment on the administrative record and deny Mr. Pinto's motion for judgment on the administrative record.

## IV

Because the trial court did not err in granting the government's partial motion to dismiss and motion for judgment on the administrative record or in denying Mr. Pinto's motion for judgment on the administrative record, we affirm.

**AFFIRMED**

COSTS

No costs.