NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN ARTHUR BOULTBEE,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2024-2260

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-01884-EHM, Judge Edward H. Meyers.

---

Decided: April 10, 2025

---

JOHN ARTHUR BOULTBEE, Summerland, British Columbia, Canada, pro se.

CHRISTOPHER BERRIDGE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by BRIAN M. BOYNTON, WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY.

---

Before MOORE, *Chief Judge*, PROST and HUGHES, *Circuit Judges*.

PER CURIAM.

John Arthur Boultbee appeals a decision of the United States Court of Federal Claims ("Claims Court") dismissing his complaint for lack of subject matter jurisdiction and denying his request to transfer his case to district court. *Boultbee v. United States*, No. 23-1884, 2024 WL 3220261 (Fed. Cl. June 27, 2024) ("*Decision*"). For the following reasons, we affirm.

## BACKGROUND

In July 2007, the District Court for the Northern District of Illinois held Mr. Boultbee jointly and severally liable for mail fraud with his co-defendants Conrad M. Black, Peter Y. Atkinson, and Mark S. Kipnis. S.A. 29–30.[1] In 2011, the district court resentenced Mr. Boultbee for his mail fraud conviction. *Decision*, 2024 WL 3220261, at *1. The district court sentenced him to time-served and ordered him to pay a $100 assessment, $500 in fines, $15,000 in restitution, and $28,566 in forfeiture. *Decision*, 2024 WL 3220261, at *1. Mr. Boultbee alleges he made the payments in full. *Id.*

On December 23, 2020, President Donald J. Trump granted Mr. Boultbee a full and unconditional pardon. *Id.* at *2. As a result, on October 24, 2022, the government notified the district court that Mr. Boultbee satisfied the judgment, and the government released him from a judgment lien recorded against him. *Id.* On November 29, 2022, the Department of Justice received a refund request from Mr. Boultbee for his assessment, fine, restitution, and forfeiture payments. *Id.* On July 14, 2023, he contacted

---

[1] "S.A." refers to the supplemental appendix included with the government's informal brief.

the Department of Justice for a status update but did not receive a response. *Id.* Mr. Boultbee then filed a complaint at the Claims Court seeking a refund of the payments totaling $44,166. *Id.* His complaint alleged that the government wrongly withheld the payments after his presidential pardon. *Id.*

The government moved to dismiss Mr. Boultbee's complaint for lack of subject matter jurisdiction. *Id.* at *1. The Claims Court granted the government's motion and concluded that (1) the pardon power is not a basis for jurisdiction in the Claims Court; (2) Mr. Boultbee failed to identify a money-mandating Act of Congress that establishes jurisdiction over his claim; (3) Mr. Boultbee's implied contract argument is frivolous; and (4) Mr. Boultbee does not meet the jurisdictional requirements under 28 U.S.C. § 1495 for unjust conviction. *Id.* at *3–*8. The Claims Court also denied Mr. Boultbee's request to transfer the case under 28 U.S.C. § 1631 to a district court. *Id.* at *8. The Claims Court explained that Mr. Boultbee did not identify another court that has jurisdiction and, even assuming the District Court for the Northern District of Illinois would have jurisdiction, transfer is not in the interest of justice because the district court no longer held the funds. *Id.* at *8–*9.

Mr. Boultbee timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Claims Court's decision dismissing the case for lack of subject matter jurisdiction de novo. *Diaz v. United States,* 853 F.3d 1355, 1357 (Fed. Cir. 2017). Mr. Boultbee bears the burden of establishing jurisdiction by a preponderance of the evidence. *Id.* We review the Claims Court's decision denying transfer of the case for abuse of discretion. *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1342 (Fed. Cir. 2008).

On appeal, Mr. Boultbee raises two main arguments. First, he argues that the Claims Court has jurisdiction over his claim. Appellant's Informal Br. 7. He asserts that he made the payments pursuant to laws of Congress and he had an implied contract with the government because the government is required to refund money to which it is not entitled. *Id.* at 7–13. Second, Mr. Boultbee argues that it is in the interest of justice to transfer his case to the District Court for the Northern District of Illinois where he made the payments because there is no evidence that the money passed out of the district court. *Id.* at 14–17. He asserts that the U.S. Attorney's Office for the Northern District of Illinois's ("USAO-NDIL") ledger does not indicate where the payments went, and that his forfeiture payments did not go to his co-defendant. *Id.* We address each argument in turn.

I

We first address Mr. Boultbee's argument that the Claims Court has jurisdiction over his case. We disagree. Under the Tucker Act, certain actions for monetary relief against the United States can be brought in the Claims Court. *See* 28 U.S.C. § 1491. The Tucker Act grants the Claims Court jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004). Here, Mr. Boultbee fails to establish a ground to invoke the Claims Court's limited jurisdiction.

Mr. Boultbee's claim is for a refund of payments he made as part of his criminal conviction sentence. His claim, however, is not the type of claim that falls within the Claims Court's jurisdiction. First, his claim is not pursuant to a contract with the government. Mr. Boultbee appears to argue that he had an implied contract with the

government because the government is not entitled to his payments, and his co-defendant, Mr. Atkinson, received a refund after a circuit court partially reversed Mr. Atkinson's charges. Appellant's Informal Br. 9–13. Mr. Boultbee asserts that he voluntarily made the payments because the government could not enforce payment under Canadian law where all his property resides. *Id.* at 13. Mr. Boultbee's arguments fail. An implied contract "requires: (1) mutuality of intent to contract; (2) consideration; and (3) unambiguous offer and acceptance." *Fairholme Funds, Inc. v. United States*, 26 F.4th 1274, 1293 (Fed. Cir. 2022). When the government is a party, an implied contract also "requires that (4) the government representative whose conduct is relied upon must have actual authority to bind the government in contract." *Id.* at 1294. Mr. Boultbee does not establish the elements required for an implied contract. That Mr. Boultbee's co-defendant received a refund due to a circuit court reversal does not create an implied contract between Mr. Boultbee and the government.

Second, Mr. Boultbee's payments are not an illegal exaction of money. "To invoke Tucker Act jurisdiction over an illegal exaction claim, a claimant must demonstrate that the statute or provision causing the exaction itself provides, either expressly or by 'necessary implication,' that 'the remedy for its violation entails a return of money unlawfully exacted.'" *Norman v. United States*, 429 F.3d 1081, 1095 (Fed. Cir. 2005) (quoting *Cyprus Amax Coal Co. v. United States*, 205 F.3d 1369, 1373 (Fed. Cir. 2000)). The Claims Court noted that Mr. Boultbee expressly disclaimed bringing an illegal exaction claim. *Decision*, 2024 WL 3220261, at *5.

Third, Mr. Boultbee does not identify any money-mandating statutes, regulations, executive orders, or constitutional provisions that establish jurisdiction over his claim. To the extent Mr. Boultbee relies on the pardon power, pardons cannot restore "property or interests vested in others in consequence of the conviction and judgment." *Ill. C.R.*

*Co. v. Bosworth*, 133 U.S. 92, 103 (1890). Pardons also cannot restore money transferred to the U.S. Treasury, "except expressly authorized by act of Congress." *Knote v. United States*, 95 U.S. 149, 154 (1877). The Claims Court found that Mr. Boultbee's payments vested in third parties or the U.S. Treasury. Even if the payments are not vested, the money would be held by the district court and the Claims Court does not have power to compel the district court to refund the payments. Accordingly, the Claims Court correctly concluded that it lacked jurisdiction to consider Mr. Boultbee's claim.

## II

We also disagree with Mr. Boultbee's argument that the Claims Court erred in denying his request to transfer the case. When the Claims Court "finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. Here, the Claims Court had a sufficient basis to conclude that it is not in the interest of justice to transfer the case.

The Claims Court denied Mr. Boultbee's transfer request because it found that his payments did not remain with the District Court for the Northern District of Illinois. *Decision*, 2024 WL 3220261, at *9. In reaching its conclusion, the Claims Court found that the USAO-NDIL ledger indicated that Mr. Boultbee made his final payment on June 29, 2009. *Id.*; *see* S.A. 32. The Claims Court noted that the USAO-NDIL holds the payment for thirty days and remits it to either the U.S. Treasury or a person to whom restitution is owed. *Decision*, 2024 WL 3220261, at *9. Further, the Claims Court found that the District Court for the Northern District of Illinois's 2011 final order of forfeiture showed that after Mr. Boultbee satisfied his forfeiture liability, the district court ordered release of

funds to his co-defendant, Mr. Black, whose funds the district court held to cover Mr. Boultbee's forfeiture.  *Id.*; *see* S.A. 30.    As a result, the Claims Court found that Mr. Boultbee's payments vested in third parties or the U.S. Treasury before he received his pardon in 2020.  *Decision*, 2024 WL 3220261, at \*9.  The Claims Court concluded that transfer is not in the interest of justice because the Northern District of Illinois no longer held the funds.  *Id.*  The Claims Court did not abuse its discretion by declining to transfer Mr. Boultbee's case.

### CONCLUSION

We have considered Mr. Boultbee's remaining arguments and find them unpersuasive.  For the foregoing reasons, we affirm the Claims Court's decision.

## AFFIRMED

### COSTS

No costs.