NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RAMEY ALAINE CHISUM,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2025-1562

---

Appeal from the United States Court of Federal Claims in No. 1:24-cv-00067-EHM, Judge Edward H. Meyers.

---

Decided: October 7, 2025

---

RAMEY A. CHISUM, I, Kansas City, MO, pro se.

ELIZABETH MARIE DURFEE PULLIN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by REGINALD THOMAS BLADES, JR., PATRICIA M. MCCARTHY, YAAKOV ROTH.

---

Before PROST, CUNNINGHAM, and STARK, *Circuit Judges.*

PER CURIAM.

Ramey Alaine Chisum appeals a decision of the U.S. Court of Federal Claims dismissing her complaint for lack of subject-matter jurisdiction and for failure to state a claim. *Chisum v. United States*, No. 24-67, 2025 WL 432997 (Fed. Cl. Feb. 7, 2025) ("*Decision*"). For the following reasons, we affirm.

## BACKGROUND

In January 2024, Ms. Chisum filed a complaint at the Court of Federal Claims raising various claims against numerous entities including the United States, a state agency, and several other parties. *Decision*, 2025 WL 432997, at *1, *3. Specifically, Ms. Chisum claimed that during several visits between 2007 and 2015, Truman Medical Center failed to provide adequate treatment to her and her children, causing them to suffer injuries from the Medical Center's care. *Id.* at *1. Ms. Chisum alleged that she raised several complaints about the Medical Center with the Missouri Department of Health and Senior Services and various federal agencies. *Id.* She alleged that the state and federal agencies are liable for her and her children's injuries because the agencies failed to investigate her complaints. *Id.*

Additionally, Ms. Chisum alleged that she applied for Social Security Disability Insurance ("SSDI") payments in 2010, but the Social Security Administration ("SSA") revoked her benefits later that year. *Id.* She further alleged that, in 2022, she entered into a contract with the Department of Justice to "assure and enforce zero retaliation" by the SSA and the Department of Housing and Human Services, but the government subsequently breached that contract. *Id.* (citation omitted). She also alleged that she obtained a "section 8 voucher" from resolution of a previous case at the Court of Federal Claims, but the Department of Housing and Urban Development ("HUD") terminated her section 8 voucher without cause or notice. *Id.* She

described her and her children living in isolation and blamed the government for her eviction and separation from her community. *Id.*

The government moved to dismiss Ms. Chisum's complaint due to lack of subject-matter jurisdiction and failure to state a claim. Ms. Chisum moved for summary judgment. The Court of Federal Claims granted the government's motion and denied Ms. Chisum's motion as moot. The court first dismissed Ms. Chisum's claims against the Missouri Department of Health and Senior Services and Truman Medical Center and its staff for lack of subject-matter jurisdiction because the court "does not have jurisdiction over claims against state agencies or private parties." *Id.* at *2. The court next dismissed Ms. Chisum's inadequate-medical-care and SSDI claims because they were not within the court's six-year statute of limitations. *Id.* at *3. The court then dismissed her claims regarding her alleged 2022 agreement with the Department of Justice and HUD allegedly terminating her section 8 voucher because (1) her alleged social-isolation, fraud, and perjury claims were tort or criminal-law claims over which the court lacked jurisdiction; (2) her Fifth Amendment Due Process claim was not a money-mandating constitutional claim over which the court had jurisdiction; and (3) she failed to state a claim that the government breached a contract with her because, even if the court assumed to be true her allegation that an agreement was made where the government would not retaliate if she voluntarily dismissed her 2022 claims against SSA and HUD, she breached that agreement by failing to voluntarily dismiss her case. *Id.* at *3–4. The court consequently denied Ms. Chisum's summary judgment motion as moot. *Id.* at *5.

Ms. Chisum timely appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

### DISCUSSION

We review the Court of Federal Claims' decision dismissing the case for lack of subject-matter jurisdiction de novo. *Diaz v. United States,* 853 F.3d 1355, 1357 (Fed. Cir. 2017). The plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *Id.* "We review a grant of a motion to dismiss for failure to state a claim de novo." *Frankel v. United States*, 842 F.3d 1246, 1249 (Fed. Cir. 2016). When deciding a motion to dismiss for failure to state a claim, the court must dismiss the complaint when the "facts asserted by the [plaintiff] do not entitle him [or her] to a legal remedy," *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002), or the facts "do not elevate a claim for relief to the realm of plausibility," *Laguna Hermosa Corp. v. United States*, 671 F.3d 1284, 1288 (Fed. Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

On appeal, Ms. Chisum mainly argues that the Court of Federal Claims failed to hold the government responsible to adhere to the rights of the Constitution. Appellant's Informal Br. 1. She argues that the Court of Federal Claims has subject-matter jurisdiction over her complaint and requests a grant of her summary judgment motion to ensure that she and her children will not suffer any more abuses by the government. *Id.* at 2–3.

We agree with the Court of Federal Claims that it lacks jurisdiction to review most of Ms. Chisum's claims and that she failed to state a claim upon which relief can be granted for her remaining breach-of-contract claim.

Under the Tucker Act, certain actions for monetary relief against the United States can be brought in the Court of Federal Claims. *See* 28 U.S.C. § 1491. The Tucker Act grants the Court of Federal Claims jurisdiction to decide "actions pursuant to contracts with the United States, actions to recover illegal exactions of money by the United States, and actions brought pursuant to money-mandating

statutes, regulations, executive orders, or constitutional provisions." *Roth v. United States*, 378 F.3d 1371, 1384 (Fed. Cir. 2004). "Every claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501; *see John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133–39 (2008) (confirming that the time limitation of § 2501 is jurisdictional).

The Court of Federal Claims correctly determined that most of Ms. Chisum's claims do not invoke its limited jurisdiction. *Decision*, 2025 WL 432997, at *2–4. First, because the Court of Federal Claims lacks jurisdiction over claims for relief "against others than the United States," *United States v. Sherwood*, 312 U.S. 584, 588 (1941), it does not have jurisdiction over Ms. Chisum's claims against the state or private actors. Second, the Court of Federal Claims' jurisdiction has a six-year statute of limitations, 28 U.S.C. § 2501, and Ms. Chisum has not shown that the court erred in concluding that her claims concerning inadequate medical care and SSDI payments accrued before January 2018 and are thus time-barred. Third, the Court of Federal Claims' limited jurisdiction does not include tort claims, criminal-law claims, or non-money-mandating constitutional provisions; therefore, it does not have jurisdiction over such claims brought by Ms. Chisum. *See, e.g.*, 28 U.S.C. § 1491(a)(1) (providing the Court of Federal Claims with jurisdiction over certain claims "not sounding in tort"); *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (observing that the Due Process Clause of the Fifth Amendment is not "a sufficient basis for jurisdiction [at the Court of Federal Claims] because [it does] not mandate payment of money by the government").

As to Ms. Chisum's remaining breach-of-contract claim against the government, we agree with the Court of Federal Claims that she failed to state a claim upon which relief can be granted. *See Decision*, 2025 WL 432997, at *4.

The Court of Federal Claims noted that Ms. Chisum alleged that in 2022 she had a claim pending against the government and that the government agreed it would not retaliate if she voluntarily dismissed that complaint. *Id.* The Court of Federal Claims determined that even if it accepted her allegations as true, Ms. Chisum did not voluntarily dismiss that complaint but instead opposed the dismissal. *Id.* (citing *Chisum v. United States*, No. 22-377, 2023 WL 4147151 (Fed. Cl. June 23, 2023)). As a result, the Court of Federal Claims determined that Ms. Chisum "cannot prevail on her claim because by her own terms she breached the agreement." *Id.* Ms. Chisum has shown no error in that determination. Accordingly, we affirm the Court of Federal Claims' dismissal of Ms. Chisum's complaint.

## CONCLUSION

We have considered Ms. Chisum's remaining arguments and find them unpersuasive. For the foregoing reasons, we affirm.

## **AFFIRMED**

### COSTS

No costs.