PROST, Circuit Judge.
Peter and Veron Kalos (collectively, “Kalos”) appeal the dismissal of their amended complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. We affirm.
The following facts are taken from Ka-los’s complaint. Because we are reviewing the dismissal of the complaint under Rule 12(b)(1) and Rule 12(b)(6), we assume that the complaint’s well-pleaded allegations of fact are true. Bradley v. Chiron Corp., 136 F.3d 1317, 1321 (Fed.Cir.1998). Our decision does not rely on any of the judicially noticed facts.[1]
Prior to filing this action, a company owned by Kalos, Brickwood Contractors (“Brickwood”), entered into a contract with the Federal Bureau of Prisons. On behalf of Brickwood, Kalos obtained a payment and performance bond from a corporation called Greenwich. The bond named Brick-wood as the principal, Greenwich as the surety, and the United States as the obli-gee. After the Bureau of Prisons terminated its contract with Brickwood for default, it sought to collect from Greenwich on the bond. Collection on the bond was resolved by a settlement agreement between the Bureau of Prisons and Greenwich, whereby Greenwich agreed to pay the full amount of the bond in full satisfaction of its obligations. Kalos was not a party to the settlement agreement, which expressly provided that “[n]othing contained in this Agreement shall be deemed to affect, impact or modify any or all rights, claims, demands, lawsuits or other actions that Brickwood [Kalos] or the Government may have against each other.” The agreement released Greenwich and the Bureau of Prisons from any liability, actions, debts, claims or demands against each other. It further stated that the agreement did not create “any third-party beneficiaries.”
After this settlement agreement was executed, Greenwich sought to recover from Brickwood by foreclosing on the liens burdening Kalos’s property, which secured the bonds. Kalos subsequently lost title to their real property in Great Falls, Virginia and Manassas, Virginia. Both before and after losing title to their property, Kalos asked the U.S. Attorney’s Office to confirm that the bonds issued by Greenwich were forgeries and to initiate criminal proceedings. The U.S. Attorney’s Office confirmed that the bonds were forgeries, but declined to open a criminal investigation.
Kalos then filed this action in the U.S. Court of Federal Claims. The amended complaint states two different claims. *130 First, Kalos alleges a taking in violation of the Fifth Amendment. According to the complaint, “[a]s a direct result of the actions of the Government, the Plaintiffs [Kalos] lost title to both of their real properties in Great Falls, Virginia and in Ma-nassas, Virginia.” Specifically, Kalos points to the settlement agreement between Greenwich and the Bureau of Prisons as preventing them from obtaining compensation for them lost properties. Second, Kalos alleges that the Bureau of Prisons illegally exacted $769,998, the amount Greenwich paid to the Bureau of Prisons pursuant to the settlement agreement. According to Kalos, this settlement agreement “imposed ... financial liability on [them] without statutory or regulatory authority to do so.” Kalos appears to argue that the Bureau of Prisons could not take any action regarding the bonds because the bonds were counterfeit, and thus entering into a settlement agreement regarding the bonds violated 18 U.S.C. § 494 and 31 C.F.R. § 223.13(d).
The Court of Federal Claims dismissed Kalos’s takings claim under Rule 12(b)(6) for failure to state a claim upon which relief could be granted. It found that Kalos had not — and could not — establish a “government action” that amounted to a compensable taking of their property interest. The trial court explained that the Bureau of Prison’s settlement agreement with Greenwich was not a physical invasion or regulatory action (such as a zoning ordinance) that might qualify as “government action.”
The Court of Federal Claims also dismissed Kalos’s illegal exaction claim under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. It found that Kalos failed to cite any statute or regulation that could provide a basis for their illegal exaction claim, explaining that it lacked jurisdiction over criminal matters that might be brought under 18 U.S.C. § 494, and that 31 C.F.R. § 223.10 limits the surety’s power to underwrite bonds, not the Bureau of Prison’s power to enter into settlement agreements.
On appeal, Kalos argues that the Court of Federal Claims erred in multiple ways. We address each of these arguments below.
First, Kalos argues that the trial court’s decision was based on an erroneous reading of the facts and improperly relied on public records. Even giving the complaint the liberal construction Kalos is entitled as a pro se litigant, dismissal was still proper. Despite the dissent’s suggestion to the contrary, this is not a suit on a surety contract, because the surety bond is not the basis for Kalos’s takings or illegal exaction claims. Cf. Dissent at 3. Instead, the claims are based, respectively, on Greenwich’s foreclosure of its (private) lien on Kalos’s properties and on the settlement agreement between Greenwich and the government. As explained below, however, Kalos has no standing to sue the government based on either Greenwich’s foreclosure or the settlement agreement. When a complaint fails to state a cognizable claim, we cannot adjudicate the case further — we lack authority to remand the case for additional fact finding or clarification. See Kontrick v. Ryan, 540 U.S. 443, 454-55, 124 S.Ct. 906, 157 L.Ed.2d 867 (2004); Larson v. Correct Craft, Inc., 569 F.3d 1319, 1325 (Fed.Cir.2009).
To allege a cognizable taking under the Fifth Amendment, a person suing for the loss of his property must show that the loss, or “taking,” was the result of government action. Air Pegasus of D.C., Inc. v. United States, 424 F.3d 1206, 1213 (Fed. Cir.2005). Kalos’s takings claim was properly dismissed because Kalos has not identified a “government action” entitling them *131 to compensation under the Fifth Amendment. Huntleigh USA Corp. v. United States, 525 F.3d 1370, 1381-82 (Fed.Cir. 2008); see also Air Pegasus, 424 F.3d at 1215-16. Kalos’s two properties in Virginia were both sold to satisfy liens placed on the property by Greenwich, a private corporation, and purchased by private third parties, not the government. Accordingly, these sales did not involve a “physical invasion or appropriation” by the government, or a “government regulation[]” burdening the Kalos’s property. See Palmyra Pac. Seafoods, L.L.C. v. United States, 561 F.3d 1361, 1366-67 (Fed.Cir.2009); Belk v. United States, 858 F.2d 706, 709 (Fed.Cir.1988). Since a showing of “government action” is required, whether or not Kalos has a claim against Greenwich has no bearing on whether dismissal was proper.
Similarly, the Court of Federal Claims properly dismissed Kalos’s illegal exaction claim. As an initial matter, the trial court did not err in dismissing the claim, notwithstanding Kalos’s attempts to “delete” it by filing a second amended complaint. Because Kalos had already amended their complaint once, any subsequent amendment could only be made with the trial court’s permission. Fed.R.Civ.P. 15(a)(2). It was not an abuse of discretion to deny Kalos’s request to amend their complaint a second time, since the request would have resulted in delay, the government had already filed its motion to dismiss, and the proposed amendment would not have cured the jurisdictional flaws in the previously-filed complaints. Cultor Corp. v. A.E. Staley Mfg. Co., 224 F.3d 1328, 1333 (Fed.Cir.2000) (“Futility of the proposed amendment is an adequate reason to deny leave to amend.”) Accordingly, the trial court properly considered the illegal exaction claim in deciding whether to dismiss the first amended complaint.
As to the substance of the illegal exaction claim, dismissal was proper because Kalos failed to identify a “statutory power” pursuant to which the $769,998 was exacted. Norman v. United States, 429 F.3d 1081, 1095-96 (Fed.Cir.2005). To survive the government’s motion to dismiss, it was not enough for Kalos to cite 18 U.S.C. § 494 and 31 C.F.R. § 223.13(d), because there is no evidence that the government relied on either to obtain the $769,998. Id. Even if Kalos were able to identify a permissible statutory authority, Kalos has still not satisfied the other requirements for making out an illegal exaction claim: to be entitled to relief, Kalos was required to show that the $769,998 was “exacted” from them, either “directly or in effect.” Aerolineas Argentinas v. United States, 77 F.3d 1564, 1573 (Fed.Cir. 1996); see also Norman, 429 F.3d at 1096. Kalos cannot satisfy this requirement because the $769,998 was paid by Greenwich, not Kalos, pursuant to Greenwich’s settlement with the government. Thus, this payment cannot be attributed to Kalos, who was not a party to the settlement agreement or a third-party beneficiary of it.
Finally, Kalos is not entitled to relief based on the other asserted “errors.” Ka-los argues the Court of Federal Claims erred by 1) treating the government’s motion to dismiss the “complaint” as applying to the “amended complaint”; 2) failing to enter default against the government pursuant to Rule 55(a); and/or 3) denying as moot Kalos’s request to file a second response to the government’s motion to dismiss.
First, the trial court did not abuse its discretion by construing the government’s motion to dismiss as applying to the amended complaint, given that the amended complaint contained the same claims and substantially the same factual *132 allegations as the original. See Fed. R.Civ.P. 12(a)(4); cf. Easter v. United States, 575 F.3d 1332, 1336 (Fed.Cir.2009) (examining whether a party had a “reasonable opportunity” to oppose the motion to dismiss). Similarly, it was not error for the trial court to refuse to enter default under Rule 55(a), because the government “defend[ed]” by filing a motion to dismiss. See Fed.R.Civ.P. 55(a), 12(b). Finally, the trial court did not abuse its discretion by refusing to let Kalos respond a second time to the government’s motion to dismiss, since Kalos had already responded in December 2008. Cf. Easter, 575 F.3d at 1336-37.

. Accordingly, we need not decide if the trial court erred by relying on these facts and thus resolving allegedly "disputed facts” against Kalos. See Dissent at 2-3.