Sammie THOMPSON and Jenetta Thompson, Plaintiffs,

v.

UNITED STATES, Defendant.

No. 11–270C.

United States Court of Federal Claims.

June 29, 2011.

Sammie Thompson and Jenetta Thompson, Moreno Valley, CA, pro se.

Patryk J. Drescher, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for the defendant. With him were Jeanne E. Davidson, Director, Commercial Litigation Branch, and Tony West, Assistant Attorney General, Civil Division.

## ORDER

HORN, J.

Plaintiffs, Sammie Thompson and Jenetta Thompson, filed a *pro se* complaint in this

court, together with a number of exhibits and a request to proceed *in forma pauperis* on May 2, 2011. Plaintiffs, however, failed to submit sufficient documentation, as required by 28 U.S.C. § 1915 (2006), to allow this court to review or grant plaintiffs' request to proceed *in forma pauperis*. A review of the complaint also demonstrates that plaintiffs do not raise issues which are within the jurisdiction of this court.

Although plaintiffs caption their complaint as against the United States, it is difficult to determine against which persons or entities plaintiffs are, in fact, bringing suit. It appears from the complaint that plaintiffs identify John Laing Homes, Countrywide and the "United States of America Bankruptcy Court"[1] as having caused them injury. Plaintiffs allege a claim for monetary damages against John Laing Homes as the builder of their property located in Moreno Valley, California. Plaintiffs claim, "John Laing Homes owes Sammie and Jenetta Thompson a total of $75,000." Plaintiffs allege that "John Laing Homes, the Builder of the Carousel Community along with Countrywide breached their contract to all the homeowners in the Carousel Community." Plaintiffs also assert:

> John Laing Homes "builder" breached the contract under Purchase AgreementCovenants [sic], Conditions by failing to warranty repairs on the homes built. The homes were without warranty after they filed and provided the City Building Inspectors with fraudulent documents. The "builder" also did not make repairs prior to filing bankruptcy with the intent to defraud the original owners of warranty items, and pay for expenses which would had [sic] been under warranty.

Plaintiffs include with their complaint bills for numerous home repairs made by them following the filing of bankruptcy by John Laing Homes, and, according to plaintiffs, incurred "as a result of John Laing Homes 'builder' breach and fraudulent actions."

In addition, it appears from the complaint that plaintiffs claim John Laing Homes and

Countrywide were involved in "criminal actions" amounting to a conspiracy to make Americans the victims of "fraudulent actions." As part of the complaint, plaintiffs include the following in their "Conclusion":

> In addition, the amount of $75,000 should be received from the United States due to the aforementioned *as noted on the* **1012R Litigation Settlement** for the fraudulent actions of the builder. The Plaintiffs pray for reimbursement included but not limited to the 75,000 [sic]. As many Americans they have been the victim of fraudulent actions of the builder, broker and mortgage lender. This along with every level of government decreases income [sic] has them in a financial destitution situation. If the builder and lender were in the car together then it is only right to compensate the claim. In the event a criminal actions [sic] in [sic] participated by both the builder and lender then it is General Intent and Specific Intent with a co-conspirator.
>
> Therefore, the plaintiffs believe that you will approve the claim. To deny the claim will support the action(s) of Fraud, Breach of Contract and Chief Executive Officers participation in continuous ploy, schematics [sic] through the United States Courts. Our Courts will not tolerate the continue [sic] actions. (emphasis in original).

With respect to the plaintiffs' allegations against the United States Bankruptcy Court, District of Delaware, plaintiffs assert that the United States Bankruptcy Court failed to meet its responsibility to homeowners in the Carousel Community regarding the bankruptcy filing of John Laing Homes. Plaintiffs state:

> Wherefore, the United State [sic] of America, Bankruptcy Court has a legal obligation to monitor the transactions and Administrative Services, Claims Administrators, Trustee and the legal responsibilities of the Debtor.... The Debtor Assets should had [sic] been frozen as many homeowner [sic] filed claims with the bankruptcy court which were protected by

---

**1.** In each of the quotes from plaintiffs' complaint, capitalization of words is as it appears in

the complaint.

the Federal Trade Commission and other Governmental Statutes which the courts is well adverse [sic].

Furthermore, plaintiffs allege in their complaint that: "The United States Bankruptcy Court District of Delaware also failed to provide notice to owners.... Therefore, since the Federal Court had prior knowledge and notification, it is proper to approve claim."

In addition to numerous receipts for repairs made to their home, plaintiffs also attached to their complaint a copy of a form, "1012R Litigation Settlement," announcing possible eligibility for mass joinder in a suit from the Litigation Settlement Department at Kramer & Kaslow Law Firm. The notice states, "[y]our loan with J1h Mortgage Co may be eligible for a national litigation settlement aimed at fraudulent lender actions. The goal is to make your illegal and Fraudulent Mortgage go away, seek monetary relief up to $75,000, stop foreclosures, and/or compensation for damages."

Plaintiffs also included with their complaint a letter to plaintiff Jenetta Thompson from the Public Inquiry Unit of the Office of the California Attorney General in Sacramento, California, dated February 25, 2011, which discusses a settlement reached in October 2008 by the Attorney General of California and Countrywide that "applies to certain subprime and pay-option adjustable rate mortgage borrowers." Finally, plaintiffs attached to the complaint a notice of conversion from the United States Bankruptcy Court, District of Delaware regarding a conversion from Chapter 11 bankruptcy to Chapter 7 bankruptcy of Case No. 09–10571–BLS for John Laing Homes and WL Home LLC, among other related entities, together with selections from a general discussion on bankruptcy proceedings.

## DISCUSSION

In order to provide access to this court to those who cannot pay the filing fees mandated by Rule 77.1(c) of the Rules of the United States Court of Federal Claims (RCFC) (2010), 28 U.S.C. § 1915 permits a court to allow plaintiffs to file a complaint without payment of fees or security, under specific circumstances. Section 1915(a)(1) states that:

> Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner [2] possesses

**2.** A number of courts have reviewed the words of 28 U.S.C. § 1915(a)(1), regarding *in forma pauperis* applications by non-prisoner litigants in federal courts, and have concluded that Congress did not intend for non-prisoners to be barred from being able to proceed *in forma pauperis* in federal court. *See, e.g., Toon v. United States,* 96 Fed.Cl. 288, 294 n. 5 (2010) (noting that the United States Court of Federal Claims has previously held that the right to petition a federal court to proceed *in forma pauperis* applies to both prisoners and non-prisoners) (citing *Hayes v. United States,* 71 Fed.Cl. 366, 367 (2006)); *Schagene v. United States,* 37 Fed.Cl. 661, 663 (1997) (finding that it was not the intent of Congress to eliminate the *in forma pauperis* right of access to federal courts of eligible, indigent, non-prisoners), *appeal dismissed,* 152 F.3d 947 (Fed. Cir.1998); *see also Martinez v. Kristi Kleaners, Inc.,* 364 F.3d 1305, 1306 n. 1 (11th Cir.2004) ("Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed [*in forma pauperis* ]."); *Haynes v. Scott,* 116 F.3d 137, 140 (5th Cir.1997) (holding that "the affidavit requirement of section 1915(a)(1) applies to all persons applying to proceed [*in forma pauper-*

*is* ]"); *In re Prison Litig. Reform Act,* 105 F.3d 1131, 1134 (6th Cir.1997) (discussing how to administer *in forma pauperis* rights to a non-prisoner, thereby acknowledging the rights of non-prisoners to apply for *in forma pauperis* status); *Floyd v. United States Postal Serv.,* 105 F.3d 274, 275 (6th Cir.), *reh'g denied* (6th Cir.1997); *Leonard v. Lacy,* 88 F.3d 181, 183 (2d Cir.1996) (using "sic" following the word "prisoner" in 28 U.S.C. § 1915(a)(1), seemingly to indicate that the use of that word was too narrow); *Powell v. Hoover,* 956 F.Supp. 564, 566 (M.D.Pa.1997) (holding that a "fair reading of the entire section [28 U.S.C. § 1915(a)(1) ] is that it is not limited to prisoner suits"). The statute, 28 U.S.C. § 1915(a)(1), refers to both "person" and "prisoner." The word "person" is used three times in the subsection, while the word "prisoner" is used only once. This court, therefore, agrees that the single use of the word "prisoner" in the language of 28 U.S.C. § 1915(a)(1) was not intended to eliminate a non-prisoner from proceeding in federal court *in forma pauperis,* provided that the civil litigant can demonstrate appropriate need. Any other interpretation is inconsistent with the statutory scheme of 28 U.S.C. § 1915.

[and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).

The standard in 28 U.S.C. § 1915(a)(1) for *in forma pauperis* eligibility is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor," and therefore, whether to allow a plaintiff to proceed *in forma pauperis* is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g., Rowland v. Cal. Men's Colony,* 506 U.S. 194, 217–18, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993). This court, and its predecessor courts, were established to make available a user friendly forum in which plaintiffs can submit their legitimate claims against the sovereign, limited only by the legislative decision to waive sovereign immunity as to the types of claims allowed. In fact, prominently posted at the entrance to this courthouse are the words of Abraham Lincoln: "It is as much the duty of government to render prompt justice against itself, in favor of citizens, as it is to administer the same, between private individuals."

Interpreting an earlier version of the *in forma pauperis* statute, 28 U.S.C. § 1915, the United States Supreme Court offered the following guidance:

> We cannot agree with the court below that one must be absolutely destitute to enjoy the benefit of the statute. We think an affidavit is sufficient which states that one cannot because of his poverty "pay or give security for the costs … and still be able to provide" himself and dependents "with the necessities of life." To say that no persons are entitled to the statute's benefits until they have sworn to contribute to payment of costs, the last dollar they have or can get, and thus make themselves and their dependents wholly destitute, would be to construe the statute in a way that would throw its beneficiaries into the category of public charges. The public would not be profited if relieved of paying costs of a particular litigation only to have im-

posed on it the expense of supporting the person thereby made an object of public support. Nor does the result seem more desirable if the effect of this statutory interpretation is to force a litigant to abandon what may be a meritorious claim in order to spare himself complete destitution. We think a construction of the statute achieving such consequences is an inadmissible one.

*Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339–40, 69 S.Ct. 85, 93 L.Ed. 43 (1948) (omissions in original).

In *Fiebelkorn v. United States,* the court indicated: "[T]he threshold for a motion to proceed *in forma pauperis* is not high: The statute requires that the applicant be 'unable to pay such fees.' 28 U.S.C. § 1915(a)(1). To be 'unable to pay such fees' means that paying such fees would constitute a serious hardship on the plaintiff, not that such payment would render plaintiff destitute." *Fiebelkorn v. United States,* 77 Fed.Cl. 59, 62 (2007); *see also Hayes v. United States,* 71 Fed.Cl. at 369.

In this case, plaintiffs submitted a single page request to proceed *in forma pauperis.* Only two relevant, but not very informative, statements are contained on the single page. First, plaintiffs state, "Sammie & Jenetta Thompson, has [sic] requested a filing without payment due to the hardship that it would place on the entire family." Second, plaintiffs state:

> Sammie Thompson and Jenetta Thompson, as man and wife declare under penalty of perjury that they can not [sic] afford to pay for the filing of their claim. In fact, the Plaintiff [sic] have three claims and cannot afford to pay for them. The Plaintiffs are saving to pay for at least the claim pertaining to and submitted also [sic] John Laing Homes.

The single page submitted by plaintiffs indicates that: "A short form document and long form document is [sic] enclosed as well." No such additional documents, however, were submitted to the court. The few statements offered by plaintiffs do not satisfy the statutory requirement that plaintiffs demonstrate an inability to pay fees or pro-

vide security as part of their court filing requesting *in forma pauperis* status. Plaintiffs' request does not include a statement of all assets owned by plaintiffs, including information on employment status, rent, dividends or interest income, pension, annuities, life insurance payments, gifts, inheritances or other sources of income. Similarly, plaintiffs provide no information on their savings or checking accounts, real estate ownership, stocks, bonds or automobiles. Additionally, no information is included as to liabilities, including the number of dependents. Without "a statement of all assets," as required by 28 U.S.C. § 1915(a)(1), this court is unable to assess plaintiffs' financial situation in order to grant or deny plaintiffs' *in forma pauperis* request. Therefore, this court must deny plaintiffs' request for *in forma pauperis* relief, and because neither a filing fee nor a completed application for *in forma pauperis* status has been submitted to the court, plaintiffs' complaint must be dismissed, without prejudice.

■ The court also notes that a review of plaintiffs' complaint, including the attached documents, does not demonstrate that plaintiffs' allegations raise claims over which this court has subject matter jurisdiction, even if plaintiffs' *in forma pauperis* application had been complete and approved by the court. Although plaintiffs' complaint names the United States, no entity or employee of the United States, other than the United States Bankruptcy Court, District of Delaware, which is discussed below, is identified as a possible defendant. The United States Court of Federal Claims does not have jurisdiction over plaintiffs' breach of contract and fraud allegations against private parties including plaintiffs' builder or the holder of their mortgage. Plaintiffs' complaint begins: "The United States Court of Federal Claims has jurisdiction of the claims. Under the United States Chapter 7 Petition and Nature of Suit Codes for General Jurisdiction Cases 100 Contract—Construction—(CDA). Contract 102 Fail to Award—CDA." Plaintiffs further claim "John Laing Homes owes Sammie and Jenetta Thompson a total of $75,000."

When a complaint filed in this court names private parties, this court is without jurisdiction to hear those allegations. In *United States v. Sherwood,* 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941), the Supreme Court of the United States wrote: "its [the Court of Claims'] jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States ... and if the relief sought is against others than the United States the suit as to them must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood,* 312 U.S. at 588, 61 S.Ct. 767 (citations omitted); *see also* RCFC 10(a); *Hall v. United States,* 91 Fed.Cl. 762, 771 (2010) ("When a plaintiff's complaint names private parties, or state agencies, rather than federal agencies, this court has no jurisdiction to hear those allegations." (quoting *Shalhoub v. United States,* 75 Fed.Cl. 584, 585 (2007))); *Kalos v. United States,* 87 Fed.Cl. 230, 240 n. 18 (2009) ("The United States is the only proper defendant in the Court of Federal Claims."), *aff'd,* 368 Fed.Appx. 127 (Fed.Cir. 2010); *Hufford v. United States,* 85 Fed.Cl. 607, 608 (2009) ("[T]his court does not have subject matter jurisdiction to entertain controversies between private parties."); *Delmarva Power & Light Co. v. United States,* 79 Fed.Cl. 205, 213 (2007) ("The Court of Federal Claims and its predecessor courts have never possessed jurisdiction to adjudicate disputes between private parties.... The Court lacks jurisdiction over private rights implicated in a dispute between private parties."), *aff'd,* 542 F.3d 889 (Fed.Cir. 2008), *cert. denied,* —— U.S. ——, 129 S.Ct. 2050, 173 L.Ed.2d 1149 (2009); *Stephenson v. United States,* 58 Fed.Cl. 186, 190 (2003) ("[T]he *only* proper defendant for any matter before this court is the United States, not its officers, nor any other individual.") (emphasis in original); *Kennedy v. United States,* 19 Cl.Ct. 69, 75 (1989) ("If the relief sought is other than a money judgment against the United States, the suit must be dismissed; and if the relief sought is against others than the United States, the suit as to them must be ignored as beyond the jurisdiction of the Court."); *Berdick v. United States,* 222 Ct. Cl. 94, 99, 612 F.2d 533, 536 (1979) ("[T]he counts naming private individuals are clearly

outside our jurisdiction."); *Nat'l City Bank v. United States*, 143 Ct.Cl. 154, 164, 163 F.Supp. 846, 852 (1958) ("It is well established that the jurisdiction of this court extends only to claims against the United States, and obviously a controversy between private parties could not be entertained."). Thus, since plaintiffs' claims against John Laing Homes and Countrywide appear to concern allegations against private parties and entities other than the United States, the complaint, even if filed with a proper filing fee, or even if *in forma pauperis* status were to be granted, would have to be dismissed as to those defendants for lack of subject matter jurisdiction. *See* RCFC 12(b)(1).

▮ In addition, it appears from the complaint that plaintiffs claim that John Laing Homes, their alleged builder, and Countrywide, their alleged mortgage loan lender, were involved in a conspiracy consisting of "criminal actions." To the extent that plaintiffs assert criminal or tortious allegations, this court also lacks subject matter jurisdiction to adjudicate the claims. The Tucker Act expressly excludes tort claims, including those committed by federal officials, from the jurisdiction of the United States Court of Federal Claims. *See* 28 U.S.C. § 1491(a)(1) (2006); *see also Keene Corp. v. United States*, 508 U.S. 200, 214, 113 S.Ct. 2035, 124 L.Ed.2d 118 (1993); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed.Cir.2008); *Alves v. United States*, 133 F.3d 1454, 1459 (Fed.Cir.1998); *Brown v. United States*, 105 F.3d 621, 623 (Fed.Cir. 1997); *Golden Pacific Bancorp v. United States*, 15 F.3d 1066, 1070 n. 8 (Fed.Cir.), *reh'g denied, en banc suggestion declined* (Fed.Cir.), *cert. denied*, 513 U.S. 961, 115 S.Ct. 420, 130 L.Ed.2d 335 (1994); *Woodson v. United States*, 89 Fed.Cl. 640, 650 (2009); *McCullough v. United States*, 76 Fed.Cl. 1, 3 (2006), *appeal dismissed*, 236 Fed.Appx. 615 (Fed.Cir.), *reh'g denied* (Fed.Cir.), *cert. denied*, 552 U.S. 1050, 128 S.Ct. 675, 169 L.Ed.2d 529 (2007); *Agee v. United States*, 72 Fed.Cl. 284, 290 (2006); *Zhengxing v. United States*, 71 Fed.Cl. 732, 739, *aff'd*, 204 Fed.Appx. 885 (Fed.Cir.), *reh'g denied* (Fed. Cir.2006).

▮ Similarly, to the extent that plaintiffs are alleging criminal behavior on the part of plaintiffs' intended defendants, jurisdiction also does not reside in this court. The United States Court of Federal Claims does not possess jurisdiction over criminal cases. *See Joshua v. United States*, 17 F.3d 378, 379 (Fed.Cir.1994) (noting the "specific civil jurisdiction" of the United States Court of Federal Claims); *see also Hampel v. United States*, 97 Fed.Cl. 235, 238 (2011); *Mendes v. United States*, 88 Fed.Cl. 759, 762, *appeal dismissed*, 375 Fed.Appx. 4 (Fed.Cir.2009); *Hufford v. United States*, 87 Fed.Cl. 696, 702 (2009); *Matthews v. United States*, 72 Fed. Cl. 274, 282 (finding that the United States Court of Federal Claims lacked jurisdiction to consider plaintiff's criminal claims), *recons. denied*, 73 Fed.Cl. 524 (2006).

▮ Finally, plaintiffs' complaint appears to allege that the United States Bankruptcy Court, District of Delaware acted improperly by not monitoring the Debtor's assets, by not freezing the Debtor's assets, and by not providing notice to homeowners in the Carousel Community, including the plaintiffs, that John Laing Homes had filed for bankruptcy. To the extent that plaintiffs ask this court to review the decisions or actions of a United States Bankruptcy Court, this court does not have jurisdiction to do so. *See Allustiarte v. United States*, 256 F.3d 1349, 1350 (Fed.Cir.) ("[T]he Court of Federal Claims does not have jurisdiction to review decisions of federal bankruptcy courts."), *cert. denied*, 534 U.S. 1042, 122 S.Ct. 619, 151 L.Ed.2d 541 (2001); *see also Joshua v. United States*, 17 F.3d at 380 (finding that the United States Court of Federal Claims does not have jurisdiction to review the decisions of federal district courts).

## CONCLUSION

At this time, plaintiffs' application to proceed *in forma pauperis* is **DENIED,** due to the insufficient documentation provided to the court in support of plaintiffs' request. Plaintiffs' case is **DISMISSED,** without prejudice. Prior to submitting a complaint to the court, plaintiffs should assure themselves

that any allegations raised are reviewable in this court.

**IT IS SO ORDERED.**