# United States Court of Appeals for the Federal Circuit

---

**B.H. AIRCRAFT COMPANY INC.,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES, GENERAL ELECTRIC COMPANY, DBA GE EDISON WORKS,**
*Defendants-Appellees*

---

2022-1766

---

Appeal from the United States Court of Federal Claims in No. 1:21-cv-01629-ZNS, Judge Zachary N. Somers.

---

Decided: January 2, 2024

---

SAM GDANSKI, Gdanski Law PC, Teaneck, NJ, for plaintiff-appellant. Also represented by ABRAHAM GDANSKI.

DANIEL B. VOLK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee United States. Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, DOUGLAS K. MICKLE.

RICHARD P. RECTOR, DLA Piper US LLP, for defendant-

appellee General Electric Company.  Also represented by
THOMAS EDWARD DALEY.

—————————————

Before DYK, REYNA, and STARK, *Circuit Judges*.

PER CURIAM.

B.H. Aircraft Company, Inc. ("B.H. Aircraft") filed a bid
protest action in the Court of Federal Claims to challenge
the inclusion of F414 afterburner liner replacement ser-
vices within a larger contract for the United States Depart-
ment of the Navy ("Navy").  The Court of Federal Claims
concluded that B.H. Aircraft lacked standing.  Alterna-
tively, the Court of Federal Claims concluded that B.H.
Aircraft failed to state a claim upon which relief could be
granted because B.H. Aircraft had not established a viola-
tion of the bundling regulation.

Consistent with our recent opinion in *CACI, Inc.-Fed.
v. United States*, 67 F.4th 1145, 1151–52 (Fed. Cir. 2023),
we hold that the standing issue here (i.e., whether B.H.
Aircraft is a qualified bidder) is one of statutory standing,
which overlaps with one aspect of the merits.  The other
merits issue is whether the contract violates the bundling
regulations.  We review the Court of Federal Claims' deci-
sion as to standing and failure to state a claim de novo.  The
Court of Federal Claims reviews the decisions of the con-
tracting officer as to statutory standing and as to the appli-
cation of the bundling regulation under the standard of
"arbitrary, capricious, an abuse of discretion, or otherwise
not in accordance with law."  *PAI Corp. v. United States*,
614 F.3d 1347, 1351 (Fed. Cir. 2010) (quoting *Bannum, Inc.
v. United States*, 404 F.3d 1346, 1351 (Fed. Cir. 2005)); *Im-
presa Construzioni Geom. Domenico Garufi v. United
States*, 238 F.3d 1324, 1332 n.5 (Fed. Cir. 2001).  We agree
with the Court of Federal Claims that under that standard
B.H. Aircraft failed to state a claim on which relief could be
granted.  We affirm.

## BACKGROUND

For some years, the Navy had entered into sole-source Performance Based Logistics ("PBL") contracts with General Electric Company, dba GE Edison Works ("GE") for maintenance of its F414 plane engines. The prevailing contract was set to expire, and on December 3, 2020, the Navy issued a pre-solicitation notice "for the anticipated F414 Fleet Support Performance Based Logistics contract" with an "expected period of performance" from May 1, 2022, to April 30, 2027. J.A. 408. The notice said "[p]rospective offerors must submit a source approval request to NAVSUP WSS to become an approved Navy source of supply" and "[t]hese items require Government Source Approval prior to award." *Id.* Responses were required by December 18, 2020.

The PBL solicitation eventually provided for repair of some parts and replacement of others, as contemplated by the pre-solicitation notice. In total, the solicitation was to cover 778 engine components, 706 of which were consumable and thus were only replaced, and not subject to repair. The other 72 engine components were repairable, including the F414 afterburner liner at issue in this case. The solicitation provided that repairable items could be replaced with a new unit if repair was not feasible.

In a letter dated January 25, 2021, B.H. Aircraft requested that the replacement of the F414 afterburner liner be removed from the PBL contract (apparently while leaving the repair service of the afterburner liner in the contract) so that B.H. Aircraft could bid on replacing the F414 afterburner liner. B.H. Aircraft's theory has been that the Navy impermissibly bundled the F414 afterburner liner in the contract in violation of the Federal Acquisition Regulation ("FAR"). The Navy contracting officer ("CO") declined to remove replacement of the F414 afterburner liner from the PBL and issued the solicitation on March 31, 2021.

In an April 28, 2021, letter to B.H. Aircraft, the Navy CO explained that exclusion of afterburner liner replacements was not warranted. The Navy CO stated that "NAVSUP WSS has reviewed the synopsized and solicited market basket and does not concur with B.H. [Aircraft]'s contract bundling assertion. NSN 2840-01-480-8247 is currently being supported under contract N00383-18-D-P601, and has been determined to be sole sourced to the Original Equipment Manufacturer." J.A. 648. The CO also found that B.H. Aircraft was not a qualified bidder for the replacement work in any event.

B.H. Aircraft filed a bid protest complaint in the Court of Federal Claims arguing that "the repair [of the F414 afterburner liner] should be segregated from the bundled PBL." J.A. 75. In its complaint, B.H. Aircraft conceded that it "is not presently an approved 'repair' vendor," J.A. 69, but contended that it was qualified to manufacture replacement afterburner liners and that the CO erred in concluding otherwise.

The Court of Federal Claims dismissed B.H. Aircraft's complaint for lack of standing on the ground that the CO had not erred because B.H. Aircraft, although approved to manufacture F414 afterburner liners, was not a qualified bidder, as B.H. Aircraft's allegations and evidence "call[ed] into question not only [its] capability to manufacture the [F414 afterburner] liner but whether it even understands how to make the [F414 afterburner] liner in question in the first place." *B.H. Aircraft Co. Inc. v. United States*, 158 Fed. Cl. 750, 767 (2022). The Court of Federal Claims also dismissed for failure to state a claim because B.H. Aircraft's complaint did not "allege—and the record does not support—that the instant procurement is a bundled contract," *Id.*, since B.H. Aircraft made "no allegation of a separate smaller contract for F414 afterburner liners that is being bundled into the instant solicitation" being challenged. *Id.* at 770 (emphasis omitted). Therefore, the Court of Federal Claims found the complaint failed to

adequately allege that the CO had erred in concluding that this was not a bundled contract, as would be required under the FAR provisions B.H. Aircraft attempted to invoke. B.H. Aircraft appeals.

We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

Under our recent decision in *CACI*, the standing issue here is a matter of statutory standing rather than jurisdiction. *CACI*, 67 F.4th at 1151. "The standing issue here [for a bid protest] presents a question of statutory standing rather than Article III standing." *Id*.[1] Because the issues of bidder qualifications and whether there is a bundled contract to be unbundled overlap with the merits (the qualification of a contractor being a quintessential merits issue), the Court of Federal Claims reviews the decision of the CO that there is no bundled contract—and that B.H. Aircraft was not a qualified bidder—under the standard established by the Contract Disputes Act. 41 U.S.C. § 7107(b)(2)(A); *PAI*, 614 F.3d at 1351; *Impresa*, 238 F.3d at 1332 n.5.

Because the standing issue here is not jurisdictional, it is not necessary that we decide it as a prerequisite to reaching the merits (which here, as we noted, overlap with the question of standing). *See CACI*, 67 F.4th at 1152, 1154 (declining to consider issues of statutory standing and instead proceeding to merits). We do not reach the issue of bidder qualifications. We instead turn to the Court of Federal Claims' holding that B.H. Aircraft failed to state a claim on which relief could be granted. We review the trial court's dismissal for failure to state a claim de novo. *See Dehne v. United States*, 970 F.2d 890, 892 (Fed. Cir. 1992).

---

[1]    Because our decision was issued after briefing was completed in the appeal now before us, neither the Court of Federal Claims nor the parties had the benefit of our decision in *CACI*.

The Claims Court ultimately reviews the decision of the CO to determine whether his actions "were 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *CACI*, 67 F.4th at 1154.

Under 15 U.S.C. § 631(j)(3), federal agencies shall "avoid unnecessary and unjustified bundling of contract requirements." "Bundling of contract requirements" is defined as "consolidating 2 or more procurement requirements for goods or services previously provided or performed under separate smaller contracts into a solicitation of offers for a single contract that is likely to be unsuitable for award to a small-business." 15 U.S.C. § 632(o)(2). The FAR similarly defines "bundling." *See* FAR 2.101. As the Court of Federal Claims concluded, "[p]laintiff simply has not shown—or even properly alleged—that two or more separate smaller contracts have been bundled together to form the current solicitation." *B.H. Aircraft*, 158 Fed. Cl. at 771.

The Court of Federal Claims therefore correctly concluded that B.H. Aircraft's complaint failed to state a claim on which relief could be granted. The Navy CO did not err in determining that the bundling regulation was not violated. We need not reach the issue of bidder qualification as to the replacement portion of the contract. Accordingly, we affirm.

**AFFIRMED**