NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ROD SERP,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

_____

2024-2319

_____

Appeal from the United States Court of Federal Claims in No. 1:24-cv-00719-CNL, Judge Carolyn N. Lerner.

_____

Decided:  July 10, 2025

_____

ROD SERP, Los Angeles, CA, pro se.

ROBERT R. KIEPURA, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, LISA LEFANTE DONAHUE, PATRICIA M. MCCARTHY.

_____

Before MOORE, *Chief Judge*, STOLL, *Circuit Judge*, and BUMB, *Chief District Judge*.[1]

PER CURIAM.

Rod Serp appeals a decision of the United States Court of Federal Claims granting the government's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. For the following reasons, we *affirm*.

## BACKGROUND

Mr. Serp filed a complaint with the Court of Federal Claims alleging that, over a period of several years beginning in 2010, he provided services to Immigration and Customs Enforcement (ICE) and other government agencies as an undercover informant. Appx. 1.[2] He alleged that ICE agents promised he would be paid for his services, he signed an official contract with the Department of Homeland Security (DHS), and the government breached this contract by failing to pay him. Appx. 1–2.

The government moved to dismiss for lack of subject matter jurisdiction and failure to state a claim. The Court of Federal Claims held Mr. Serp did not plead a valid contract with the government and therefore failed to establish subject matter jurisdiction. Appx. 3–4. The court also held Mr. Serp failed to allege facts on which relief could be granted. Appx. 4–5. Accordingly, the court granted the government's motion and dismissed Mr. Serp's case. Mr. Serp appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

---

[1]    Honorable Renée M. Bumb, Chief District Judge, United States District Court for the District of New Jersey, sitting by designation.

[2]    "Appx." refers to the appendix attached to Appellee's Informal Brief.

## DISCUSSION

We review dismissal for lack of subject matter jurisdiction de novo. *Chemehuevi Indian Tribe v. United States*, 104 F.4th 1314, 1320 (Fed. Cir. 2024). The Tucker Act gives the Court of Federal Claims jurisdiction over a claim against the United States based on any express or implied contract. 28 U.S.C. § 1491(a)(1). But the Tucker Act itself does not create a substantive cause of action; a plaintiff must identify the contract which, if violated, gives rise to a claim for money damages against the United States. *See Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc). Under Rule of the Court of Federal Claims (RCFC) 9(k), to plead a contract claim, a plaintiff must identify the substantive provisions of the contract on which the party relies.

We review dismissal for failure to state a claim de novo. *B.H. Aircraft Co. v. United States*, 89 F.4th 1360, 1363 (Fed. Cir. 2024). To plead a valid contract claim, a plaintiff must allege facts sufficient to establish an express or implied-in-fact contract, entered into by an authorized government agent, and breach of that contract. *Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1325–26 (Fed. Cir. 1997).

Mr. Serp argues the Court of Federal Claims improperly required him to provide a copy of the contract, to which he does not have access, and as a result he was denied a hearing and the opportunity to present his case. Appellant's Informal Br. 1–2. But the Court of Federal Claims did not require Mr. Serp to provide a copy of the contract. The court expressly stated that, under RCFC 9(k), a plaintiff can survive a motion to dismiss for lack of subject matter jurisdiction by either providing a copy of the contract or describing the breached contract provisions. Appx. 3. The court did not dismiss Mr. Serp's claim because he failed to provide a copy of the contract; rather, it explained Mr. Serp failed to describe any details of the contract, including

when the alleged contract was signed, who signed it on behalf of the government, or any other terms of the agreement. Appx. 3–4. Indeed, Mr. Serp did not identify any contractual terms or provisions and relied only on vague assertions of the existence of a contract. Appx. 3–4. We hold the Court of Federal Claims properly concluded Mr. Serp failed to establish subject matter jurisdiction.

Mr. Serp also argues he has a Sixth Amendment right to represent himself. Appellant's Informal Br. 2. He does not, however, provide any indication he has been deprived of that right. *See id.* Both the Court of Federal Claims and this Court have allowed Mr. Serp to proceed *pro se*. *See* Appx. 1; ECF No. 5.

Finally, Mr. Serp argues the Court of Federal Claims denied him the right to subpoena DHS agents. Appellant's Informal Br. 2. The Court of Federal Claims could not have issued any subpoena because it lacked jurisdiction over Mr. Serp's complaint. *See* Fed. R. Civ. P. 45(a)(2) ("A subpoena must issue from the court where the action is pending.").

## CONCLUSION

We have considered Mr. Serp's remaining arguments and find them unpersuasive. We affirm the Court of Federal Claims' dismissal of Mr. Serp's complaint.

## **AFFIRMED**

## COSTS

No costs.