NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JAMES TINDALL,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2025-1845

---

Appeal from the United States Court of Federal Claims in No. 1:25-cv-00122-DAT, Judge David A. Tapp.

---

Decided: January 8, 2026

---

JAMES TINDALL, Marietta, GA, pro se.

BRYAN MICHAEL BYRD, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by ELIZABETH MARIE HOSFORD, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before LOURIE, TARANTO, and CHEN, *Circuit Judges.*

LOURIE, *Circuit Judge*.

James Tindall appeals from the decision of the United States Court of Federal Claims ("the Claims Court") dismissing his complaint for failure to state a claim on *res judicata* grounds. *Tindall v. United States*, 176 Fed. Cl. 339 (2025) ("*Decision*"). For the following reasons, we *affirm*.

## BACKGROUND

Tindall owns shares in a Russian-majority state-owned bank. *Decision* at 342. In 2021, then-President Biden issued an executive order purporting to "block property with respect to specified harmful foreign activities of the government of the Russian Federation." Exec. Order No. 14,024, 31 C.F.R. § 587 App. A (2021). Pursuant to this executive order, in February 2022, the Office of Foreign Assets Control ("OFAC") of the United States Department of the Treasury issued sanctions prohibiting the processing of securities transactions involving certain Russian financial institutions, including the bank in which Tindall owns shares. *See Publ'n of Fin. Servs. Sectoral Determination & Directives 1A, 2, 3, & 4 Under Exec. Ord. 14024 of Apr. 15, 2021*, 87 Fed. Reg. 32,303, 32,305 (Off. of Foreign Assets Control May 31, 2022). As a result, Tindall's shares were placed into an OFAC-controlled escrow account. *See Decision* at 342.

Tindall sent several letters of protest to President Biden, other government officials, and his broker. *See id.* These letters included offers whereby the United States could buy or rent Tindall's shares. *See id.* Tindall construed the government's silence concerning these offers and retention of his shares in the escrow account as acceptance of the offers. *See id.*

Prior to and apart from the complaint giving rise to this appeal, Tindall had filed a complaint in May 2023 in the Claims Court alleging (1) a violation of his Fifth Amendment due process rights, (2) breach of contract, and (3) an

unconstitutional taking of property without just compensation. *See id.*

The Claims Court dismissed the claims, determining that it lacked jurisdiction over the Fifth Amendment claim because the Fifth Amendment is not money-mandating, that Tindall failed to state a claim for breach of contract because no contract was formed, and that Tindall failed to state a takings claim because he failed to concede the validity of the government's actions and, even if he had stated such a claim, the government's actions served a substantial national security interest and were thus exempt from a takings claim. *Tindall v. United States*, 167 Fed. Cl. 440, 443, 445, 446 (2023). We affirmed the subsequent appeal to this court and the Supreme Court denied Tindall's petition for a writ of *certiorari*. *Tindall v. United States*, No. 2024-1143, 2024 WL 960452, at *3 (Fed. Cir. Mar. 6, 2024), *cert. denied*, 145 S. Ct. 282 (2024).

In January 2025, Tindall filed a new complaint in the Claims Court again alleging (1) a violation of his Fifth Amendment due process rights, (2) breach of contract, and (3) an unconstitutional taking of property without just compensation. *See Decision* at 342–43; S.A. 10–39.[1] The government moved to dismiss, *see* S.A. 40–48, and Tindall filed an amended complaint, *see* S.A. 51–84. The Claims Court determined that the government's motion applied to Tindall's amended complaint and dismissed the amended complaint for failure to state a claim, determining that the claims were precluded on *res judicata* grounds. *Decision* at 342 n.3, 346.

Tindall timely appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

---

[1]    "S.A." refers to the supplemental appendix filed by the government.

## DISCUSSION

We review the Claims Court's dismissal for failure to state a claim *de novo*. *B.H. Aircraft Co. v. United States*, 89 F.4th 1360, 1362 (Fed. Cir. 2024). A complaint must be dismissed if it fails "to state a claim upon which relief can be granted." RCFC 12(b)(6). Whether a claim is barred by *res judicata*, or claim preclusion, is a question of law also reviewed *de novo*. *Faust v. United States*, 101 F.3d 675, 677 (Fed. Cir. 1996). *Pro se* complaints are held to a less stringent standard compared with pleadings drafted by counsel, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), but *pro se* litigants still must meet pleading requirements, *Ottah v. Fiat Chrysler*, 884 F.3d 1135, 1141 (Fed. Cir. 2018).

Tindall argues that (1) claim preclusion does not apply, (2) the Claims Court improperly construed the government's motion to dismiss to apply to Tindall's amended complaint, and (3) the Claims Court used the wrong legal standards. We address each argument in turn.

## I

For claim preclusion to apply, three elements must be met: "(1) the parties [be] identical or in privity; (2) the first suit proceed[] to a final judgment on the merits; and (3) the second claim [be] based on the same set of transactional facts as the first." *Ammex, Inc. v. United States*, 334 F.3d 1052, 1055 (Fed. Cir. 2003) (citation omitted). The Claims Court determined that all three elements were met and dismissed Tindall's amended complaint. *Decision* at 344–45. We find no error in its decision.

First, it is undisputed that the parties in the two suits were identical. *See id.* at 344; Tindall Op. Br. at 12.

Second, Tindall's first suit resulted in a final judgment on the merits. Tindall's breach of contract and takings claims were dismissed for failure to state a claim, *Tindall*, 167 Fed. Cl. at 445–47, which constitutes a final judgment

on the merits for purposes of claim preclusion, *see Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n.3 (1981). As for Tindall's Fifth Amendment due process claim which was dismissed for lack of jurisdiction, certain jurisdictional dismissals may be subject to claim preclusion. *See Underwriters Nat'l Assurance Co. v. N.C. Life & Accident & Health Ins. Guar. Ass'n*, 455 U.S. 691, 706 (1982). Such is the case here. We have explained that "the determination that [a] source is money-mandating shall be determinative both as to the question of the court's jurisdiction and thereafter as to the question of whether, *on the merits*, plaintiff has a money-mandating source on which to base his cause of action." *Fisher v. United States*, 402 F.3d 1167, 1173 (Fed. Cir. 2005) (emphasis added). Therefore, the Claims Court's dismissal of Tindall's Fifth Amendment due process claim for failing to identify a money-mandating source is a final judgment on the merits for purposes of claim preclusion.

Third, the instant amended complaint was based on the same set of transactional facts as Tindall's 2023 complaint. Both concern Tindall's shares in a Russian bank being placed into an OFAC-controlled escrow account and allege the same three claims stemming from that conduct: a violation of his Fifth Amendment due process rights, breach of contract, and an unconstitutional taking of property without just compensation. *See* S.A. 58; *Tindall*, 167 Fed. Cl. at 444. Tindall argues that the transactional facts are not the same because his instant amended complaint includes allegations of wrongdoing by the government that occurred after his first lawsuit was dismissed, namely, that the government continued to hold Tindall's shares after his 2023 complaint was dismissed. *See* Tindall Op. Br. at 11, 13. But underlying those allegations is the same set of transactional facts: that the United States government seized Tindall's shares in a Russian bank.

Tindall then points to three specific facts that he argues were alleged in his instant amended complaint but

were not alleged in his 2023 complaint, thereby rendering the two complaints not based on the same set of transactional facts.

Tindall first points to his allegation that the government validly took his property, Tindall Op. Br. at 14 & n.26, an element necessary to state a takings claim under the Tucker Act, *see Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 802 (Fed. Cir. 1993). But the Claims Court previously determined that Tindall's claim failed even if he had implicitly conceded the validity of the government's action, and we affirmed that determination. *Tindall*, 167 Fed. Cl. at 446–47, *aff'd*, 2024 WL 960452, at *3. Regardless, that allegation does not change the fact that the nature of the underlying transactional facts alleged in the two complaints was the same.

Tindall next points to his allegation that the government accepted Tindall's offer to buy or rent the shares by taking and continuing to hold his property. Tindall Op. Br. at 14–15; S.A. 63, 65–67. Again, Tindall's allegations are based on the same set of transactional facts: that the United States government seized his shares in a Russian bank. Further, the Claims Court considered this allegation and determined that the government's "blocking the shares would have happened with or without Mr. Tindall's 'offers.'" *Decision* at 345. That finding was not clearly erroneous: Tindall learned that his shares would be blocked, sent letters of protest, and then the shares were placed in escrow. *Id.* The government's actions, which had been predetermined, did not constitute an acceptance; and, regardless, Tindall offers no new facts of government action not alleged in his 2023 complaint.

Tindall finally points to his allegation that he seeks payment for the government's possession, control, and use of his property, not payment for any decline in value. Tindall Op. Br. at 15. That is a remedy sought, not additional

facts that render the two lawsuits based on different sets of transactional facts.

In sum, underlying Tindall's amended complaint is the same set of transactional facts underlying his 2023 complaint: that the United States government seized his shares in a Russian bank.  Accordingly, even to the extent that Tindall alleged later-dated facts, reframed the legal significance of the government's conduct, or sought different relief, those differences do not alter the operative transactional facts or make the amended complaint meaningfully distinct for purposes of claim preclusion.

## II

Tindall next argues that the Claims Court violated his due process rights by granting the government's motion to dismiss with respect to his amended complaint, even though he filed his amended complaint after the government filed its motion to dismiss.  Tindall Op. Br. at 6–8. We do not agree.

The Claims Court did not abuse its discretion in construing the motion to dismiss to apply to Tindall's amended complaint, because the amended complaint contained substantially the same factual allegations as the original.  *See Mitsui Foods, Inc. v. Unites States*, 867 F.2d 1401, 1404 (Fed. Cir. 1989) (a trial court did not abuse its discretion in denying a motion for leave to amend complaint when amendment would be futile); *Kalos v. United States*, 368 F. App'x 127, 131–32 (Fed. Cir. 2010) ("[T]he trial court did not abuse its discretion by construing the government's motion to dismiss as applying to the amended complaint, given that the amended complaint contained the same claims and substantially the same factual allegations as the original.").  The Claims Court considered the new allegations in Tindall's amended complaint and determined that the allegations did "not cure the defects contained in his original pleading." *Decision* at 346.  Indeed, the main difference between the originally-filed complaint and the

amended complaint seems to be that Tindall emphasizes in his amended complaint that the government continues to violate Tindall's rights by keeping his shares in escrow. *Compare, e.g.*, S.A. 12, *with* S.A. 55. For the reasons explained above, those allegations do not render Tindall's amended complaint based on a set of transactional facts different from the 2023 complaint. Tindall points to no other allegedly new facts included in his amended complaint that would change that analysis.

### III

Tindall finally argues that the Claims Court failed to consider the proper standard for dismissal. *See* Tindall Op. Br. at 23–27. He argues that the Claims Court ignored the requirements to assume that all facts in the amended complaint are true, and to construe those facts liberally and in Tindall's favor. *Id.* at 23. We do not agree. The Claims Court properly identified the standard for dismissal: A complaint must be dismissed if it fails to state a claim for relief that is plausible on its face. *Decision* at 343–44 (citation omitted). The Claims Court then correctly identified that a complaint can be dismissed on *res judicata* grounds. *Id.* at 344. For the foregoing reasons, we agree with the Claims Court's determination that the claims are precluded. The Claims Court thus identified and applied the correct standard for dismissal.

### CONCLUSION

We have considered Tindall's remaining arguments but find them unpersuasive. For the above reasons, the Claims Court properly dismissed Tindall's amended complaint. We therefore *affirm*.

**AFFIRMED**