NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JANEEN D. SMITH, DBA BRANDT DEVELOPMENT,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2025-1837

---

Appeal from the United States Court of Federal Claims in No. 1:25-cv-00284-CNL, Judge Carolyn N. Lerner.

---

Decided:  May 13, 2026

---

JANEEN SMITH, Austin, TX, pro se.

RETA EMMA BEZAK, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by PATRICIA M. MCCARTHY, DOUGLAS K. MICKLE, BRETT SHUMATE.

---

Before MOORE, *Chief Judge*, STOLL and STARK, *Circuit Judges*.

PER CURIAM.

Janeen D. Smith, doing business as Brandt Development, appeals a decision of the United States Court of Federal Claims dismissing her complaint for failure to state a claim and lack of subject matter jurisdiction. We *affirm*.

BACKGROUND

Ms. Smith submitted a bid for the Air Force Research Laboratory's (Air Force) Request for Proposal (RFP) No. FA8650-17-S-2002 Call 3 Expendable Hypersonic Multi-mission ISR and Strike (Mayhem). S. Appx. 1–2.[1] Prior to awarding the contract, the Air Force notified Ms. Smith that her proposal was classified as "Not Selectable" and therefore would not be considered for award. S. Appx. 2; S. Appx. 55. Ms. Smith did not request debriefing. S. Appx. 2. The Air Force awarded the contract to Leidos Holdings, Inc. (Leidos). Almost two years later, Ms. Smith submitted a contract dispute letter protesting the award, which the Air Force dismissed as untimely. S. Appx. 2. Ms. Smith then filed a complaint in the Court of Federal Claims, alleging she submitted the lowest-price bid, but the Air Force rejected it "for an improper technicality that has no legal basis to warrant rejection." S. Appx. 2 (internal quotation marks omitted); S. Appx. 18. Ms. Smith also alleged Leidos breached its contract and committed fraud against the Government with its bid and performance under the Mayhem contract. S. Appx. 3.

The trial court dismissed Ms. Smith's complaint because she failed to establish statutory standing or state a claim over which the trial court has jurisdiction.

---

[1] "S. Appx." refers to the appendix attached to the Government's brief.

S. Appx. 1–7.   Relevant here, the trial court concluded Ms. Smith failed to establish statutory standing because the Air Force classified her proposal as "Not Selectable" independent of its award to Leidos, and she failed to timely object to the classification.  S. Appx. 5–6.  The trial court also concluded it lacked subject matter jurisdiction over Ms. Smith's claims related to Leidos' bid and performance under the Mayhem contract.  S. Appx. 6–7.  Ms. Smith appeals.  We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review de novo the trial court's decisions as to failure to state a claim and statutory standing.  *B.H. Aircraft Co. Inc. v. United States*, 89 F.4th 1360, 1362 (Fed. Cir. 2024).  We also review de novo whether the Court of Federal Claims has subject matter jurisdiction.  *112 Genesee St., LLC v. United States*, 166 F.4th 1017, 1021 (Fed. Cir. 2026).  Under the Tucker Act, the Court of Federal Claims has jurisdiction over actions "by an interested party objecting to a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract [by the Federal agency.]"  28 U.S.C. § 1491(b)(1).

I

To establish statutory standing, a plaintiff contesting a government contract award must demonstrate it is an "interested party" by showing the plaintiff (1) is an actual or prospective bidder and (2) has a direct economic interest in the procurement or proposed procurement.  *Percipient.AI, Inc. v. United States*, 153 F.4th 1226, 1228 (Fed. Cir. 2025).  To show a direct economic interest in the procurement or proposed procurement, a plaintiff "must show that it had a substantial chance of winning the contract."  *REV, LLC v. United States*, 91 F.4th 1156, 1163 (Fed. Cir. 2024) (quoting *CliniComp Int'l, Inc. v. United States*, 904 F.3d 1353, 1358 (Fed. Cir. 2018)).

On appeal, Ms. Smith does not dispute the Air Force deemed her proposal "Not Selectable." Nor does she show she otherwise qualified as an "interested party" under the Tucker Act. Ms. Smith instead argues she experienced "a direct economic injury" of a "loss of contract award, lost competitive standing, and unequal access to procurement materials." Smith. Br. 27. However, she fails to show she "had a substantial chance of winning the contract" given her proposal's "Not Selectable" classification. *REV, LLC*, 91 F.4th at 1163. Ms. Smith therefore fails to establish the Court of Federal Claims erred in concluding she lacked the requisite statutory standing to state a claim for relief. *See CACI, Inc.-Fed. v. United States*, 67 F.4th 1145, 1151 (Fed. Cir. 2023).

Ms. Smith argues the Air Force "failed to provide a meaningful explanation of the exclusion" and "withheld material evaluation information necessary to understand or challenge the decision." Smith Reply Br. 6. But when the Air Force notified Ms. Smith that her proposal was "Not Selectable," it noted "a debriefing w[ould] be provided" if requested, and Ms. Smith did not request a debriefing. S. Appx. 2; S. Appx. 55. Ms. Smith knew the Air Force classified her proposal as "Not Selectable" on August 10, 2022, so she was required to submit a protest no later than 10 days after that date. S. Appx. 55; Federal Acquisition Regulation § 33.103(e) (requiring protests to be filed "no later than 10 days after the basis of protest is known or should have been known, whichever is earlier"). Ms. Smith did not submit her contract dispute letter until almost *two years* after the Air Force awarded the contract to Leidos. Her protest was thus untimely.

II

Ms. Smith also argues that we have jurisdiction over her "claims regarding [the Air Force's] contract administration errors and violations of procurement law and the [FAR]." Smith Br. 18. Ms. Smith's claims regarding the

Air Force's administration of the contract, however, alleged wrongdoing by Leidos, not the Air Force. S. Appx. 29 (alleging Leidos provided the Air Force with "frivolous AI generated" conceptual designs and alleging Leidos violated its contract terms). These claims fall outside the trial court's jurisdiction because they do not relate to an injury suffered by "a solicitation by a Federal agency for bids or proposals for a proposed contract or to a proposed award or the award of a contract or any alleged violation of statute or regulation in connection with a procurement or a proposed procurement." 28 U.S.C. § 1491(b)(1). Additionally, the trial court does not have subject matter jurisdiction over Ms. Smith's claims regarding Leidos' performance under the contract because Ms. Smith did not allege she had a Contract Disputes Act claim by virtue of being in privity of contract with the United States. 41 U.S.C. § 7101(7); *Dalton v. Sherwood Van Lines, Inc.*, 50 F.3d 1014, 1017 (Fed. Cir. 1995) (Contract Disputes Act is the "exclusive mechanism" for resolving disputes related to contract management.).

## CONCLUSION

We have considered Ms. Smith's remaining arguments and find them unpersuasive. Accordingly, we *affirm*.

## **AFFIRMED**

### COSTS

No costs.