NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MUTAZ AL SHARA,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2024-1853

---

Appeal from the United States Court of Federal Claims in No. 1:23-cv-01848-SSS, Judge Stephen S. Schwartz.

---

Decided:  May 7, 2025

---

MUTAZ MAJEED AL SHARA, Dearborn, MI, pro se.

MATTHEW LEWIS, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, CORINNE ANNE NIOSI.

---

Before MOORE, *Chief Judge*, CLEVENGER and CHEN, *Circuit Judges*.

PER CURIAM.

Mutaz Al Shara appeals from the final decision of the United States Court of Federal Claims ("Claims Court") dismissing his complaint for lack of subject matter jurisdiction under RCFC 12(b)(1) and for failure to state a claim upon which relief can be granted under RCFC 12(b)(6). *Al Shara v. United States*, Case No. 23-1848C (Fed. Cl. May 7, 2024). We have jurisdiction over Mr. Al Shara's appeal under 28 U.S.C. § 1295(a)(3). We review the Claims Court's dismissal for lack of jurisdiction without deference. *Diaz v. United States*, 853 F.3d 1355, 1357 (Fed. Cir. 2017). We also review the Claims Court's dismissal for failure to state a claim upon which relief can be granted without deference. *B.H. Aircraft Co. Inc. v. United States*, 89 F.4th 1360, 1362 (Fed. Cir. 2024). For the reasons stated below, we affirm the final decision of the Claims Court.

I

The Claims Court is a court of limited jurisdiction. *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997). Under the Tucker Act, the Claims Court has jurisdiction over claims against the United States if the claim is "[(1)] founded either upon the Constitution, or [(2)] any Act of Congress or any regulation of an executive department, or [(3)] upon any express or implied contract with the United States, or [(4)] for liquidated or unliquidated damages in cases not sounding in tort," 28 U.S.C. § 1491(a)(1), or may "render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned," *id.* at § 1495.

On October 18, 2023, Mr. Al Shara filed a complaint with the Claims Court. Mr. Al Shara's complaint contains vague and widespread allegations of Constitutional violations and claims of a tortious nature committed by various private and public institutions, including the United States generally, and other foreign governments. The Claims Court interpreted Mr. Al Shara's *pro se* complaint to have

alleged claims against the United States regarding the torts of conversion, defamation, threats, false imprisonment, invasion of privacy, interference with economic interests or contractual rights, recklessness, and negligence. The Claims Court also interpreted the complaint to contain claims regarding criminal misconduct, writs for habeas corpus, review of decisions from other state and federal courts, and claims under the Geneva Convention or other treaties. Further, the Claims Court identified Mr. Al Shara's First, Eighth, and Fourteenth Amendment Constitutional claims, and Privacy Act claims against the United States and determined those claims did not require the payment of monetary damages. On January 31, 2024, the Claims Court dismissed these claims for lack of subject matter jurisdiction under the Tucker Act.

For Mr. Al Shara's remaining claims against the United States—Fifth Amendment takings and unjust imprisonment—the Claims Court determined its exercise of jurisdiction would be proper, but Mr. Al Shara had insufficiently plead the facts to support these claims. As such, the Claims Court granted Mr. Al Shara leave to amend his complaint with respect to these two claims. Mr. Al Shara timely submitted an amended complaint on February 21, 2024. The Claims Court considered Mr. Al Shara's submission but found an insufficient factual basis to support his pleadings. The Claims Court dismissed Mr. Al Shara's remaining claims for failure to state a claim upon which relief can be granted.

II

On appeal, Mr. Al Shara argues that the Claims Court "failed to take into account [the] facts of [the] incidents" plead. Appellant's Br. at 1. The factual allegations presented in Mr. Al Shara's briefing are substantially similar to those contained within his complaint. The United States counters that the Claims Court fully and fairly considered all of Mr. Al Shara's claims, and Mr. Al Shara's arguments

"show[] no error in the trial court's analysis."  Appellee's Br. at 6.

Though courts generally review a *pro se* litigant's complaint leniently, courts may not take a liberal view of jurisdictional requirements. *Kelley v. Sec'y, U.S. Dep't of Lab.*, 812 F.2d 1378, 1380 (Fed. Cir. 1987).  With this in mind, we agree with the Claims Court's assessment of Mr. Al Shara's complaint and its treatment of the claims therein.  The Claims Court lacks jurisdiction under the Tucker Act over Mr. Al Shara's tort claims against the United States.  *See* 28 U.S.C. § 1491(a)(1).  Nor does the Tucker Act grant the Claims Court jurisdiction over Mr. Al Shara's claims of criminal misconduct or seeking review of other state and federal court decisions.  *Id.*  The Claims Court also correctly concluded that Mr. Al Shara's First, Eighth, and Fourteenth Amendment Constitutional claims, and Privacy Act claims lacked the requisite monetary component to establish jurisdiction under the Tucker Act.  *Id.*  "The absence of a money-mandating source is fatal to the [Claims Court's] jurisdiction under the Tucker Act." *Allen v. United States*, 88 F.4th 983, 986 (Fed. Cir. 2023) (cleaned up).  Mr. Al Shara's claims pertaining to violations of his Fifth Amendment rights, as well as his unjust imprisonment claim, have not been sufficiently plead to establish claims upon which relief can be granted.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . .").  After careful review of the record in this case, we conclude that the Claims Court properly dismissed Mr. Al Shara's claims for either lack of subject matter jurisdiction under RCFC 12(b)(1) or failure to state a claim upon which relief could be granted under RCFC 12(b)(6).

## CONCLUSION

For the reasons stated above, we affirm the Claims Court's dismissal of Mr. Al Shara's original and amended

complaints for lack of jurisdiction and failure to state a claim upon which relief can be granted.

All pending motions by Mr. Al Shara are hereby denied.

## AFFIRMED

### COSTS

No costs.